## MINNEHAHA COUNTY v. THORNE.

1. A law that operates upon all, and in like manner affects every person in this state who is brought within the conditions and relations for which it provides, is not repugnant to a constitutional provision which requires that all laws relating to courts shall be of general and uniform operation throughout the state.

2. That portion of section 10, c 81, Laws 1890, which in effect provides that the compensation of the clerks of courts in counties having a population of 10,000 or under shall be $1,500, and that such compensation shall be $2,000 in counties having a population in excess of 10,000, is neither in conflict with section 34 of article 5 nor section 6 of article 9 of the constitution.

3. A strict construction should be placed upon a statute by which a board of county commissioners may charge a public officer with an offense highly penal in its nature, and which authorizes such board to institute an action based upon such a charge, in the name of the connty, for the purpose of removing such incumbent from the office to which he was elected; and it must expressly appear from the complaint, if the prose-

cution is under sections 1387, 1388, Comp. Laws, that the action is brought by the board of county commissioners.  Kellam, J., dissenting.

(Syllabus by the court.  Opinion filed Jan. 5, 1895.)

Appeal from circuit court, Minnehaha county.  Hon. JOSEPH W. JONES, Judge.

Action by the county of Minnehaha against Albion Thorne to remove the defendant from the office of clerk of the circuit court of said county.  Judgment for plaintiff, overruling a demurrer to the complaint, and defendant appeals.  Reversed.

The facts are stated in the opinion.

*Bailey & Voorhees* and *Aikens & Brown*, for appellant.

Where the cause of action is such that the plaintiff in his own name may not sue upon or enforce it, a demurrer to the complaint for want of sufficient facts calls this matter in question.  Wilson v. Galey, 103, Ind. 257; Frazer v. State, 106, Ind. 471; Board v. Kinleerin, 108 Ind. 449; Farris v. Jones, 112 Ind. 498; Campbell v. Campbell, 121, Ind. 178; People v. Haggin, 57 Cal. 579; Galpin v. Lamb, 29 O. St. 529; Dewitt v. Chandler, 11 Abbott's Pr. 459; Bank v. Boughton, 21 Wend 56; Mosselman v. Caen, 1 Hun. 647.  The law classifying the compensation of clerks of the courts according to an arbitrary rule of population is unconstitutional, being in violation of the constitutional provisions requiring uniformity in the organization proceedings and practice of all courts of the same class or grade throughout the state.  *In re* Ruan street 132 Pa. St. 257; Appeal of Wilbert, 21 Atl. 74; *In re* City of Pittsburgh 21 Atl. 757; San Louie Obispo v. Graves, 23 Pac. 1032; McCarthy v. Commonwealth, 110 Pa. St. 243; State v. Boord, 48 N. J. L. 438; Morrison v. Bachert, 5 Atl. 739; Geebuck v. Iowa, 5 Clarke 491; Fissier v. Rhein, 130 Ill. 110.

Legislative authority cannot be delegated.  Cooley Const. Law 116; 2 Dillon Mun. Corp. sec. 715; 3 Am. and Eng. Enc. Law, 698.

FULLER, J. This is an appeal from an order of the circuit court for Minnehaha county overruling a demurrer to the complaint on the ground that it does not state facts sufficient to constitute a cause of action. The action was brought to remove said Thorne from the office of clerk of the circuit court for said county, under the provisions of §§ 1387, 1388, Comp. Laws; the ground of complaint being that, as such clerk, he did not account for, and pay over to the board of county commissioners, all the money received by him as fees and per diem in the years 1892 and 1893 in excess of $2,000 per annum, as required by the second proviso of section 10, c. 81, Laws 1890.

Sections 1387 and 1388 are as follows:

"Section 1387. All elective county, township and precinct officers may be charged, tried and removed from office for either of the causes following: 1. Habitual or wilful neglect of duty. 2. Gross partiality. 3. Oppression. 4. Extortion. 5. Corruption. 6. Wilful maladministration in office. 7. Habitual drunkenness. 8. For a failure to produce and account for all public funds and property in his hands at any settlement or inspection authorized by law.

"Section 1388. The board of county commissioners in the name of the county * * * may make such a charge and bring the action, and the circuit court shall have exclusive original jurisdiction thereof. The proceedings shall be as provided in the Codes of Civil and Criminal Procedure."

The first objection urged to the complaint by appellant is that the complaint fails to show "that the action was brought by the board of county commissioners of Minnehaha county." As more fully elaborated in the brief, the point is "that there is no direct allegation that this action was authorized or brought by the board of county commissioners of Minnehaha county, or even a recital to the effect that it is brought in the name of the county, by or under the authority of the board of county commissioners. This, we contend, is a necessary allegation or recital to disclose a capacity in the respondent to sue,

and to give the court jurisdiction over the action, for otherwise any state's attorney or any private individual might maintain such an action, regardless of any authority therefor from the board of county commissioners of his county." It is also urged by counsel for appellant that the provisions of section 10, c. 81, Laws 1890, upon which this suit is based, and by which the annual compensation of the clerk of courts is fixed and determined according to the population of the county, is in conflict with section 34 of article 5 of our constitution, and therefore void, and to the question thus presented we will, for convenience, first direct our attention.

The argument is directed to that portion of the section which provides that in counties having a population of 10,000 or under the fees or compensation of the clerk shall be $1,500, and in counties having a population in excess of 10,000 it shall be $2,000 per annum; and the clerk is required to make a report to the board of county commissioners, on the 1st day of January of each year, of all the fees and per diem received by him during the preceding year, and to pay over to such board all moneys so received, if any, in excess of the amount of compensation allowed by law, and the board of county commissioners is authorized to pay out any moneys so returned to them by said clerk of courts for the payment of any necessary clerk hire. The constitutional provision relied upon by appellant is as follows. "All laws relating to courts shall be general and of uniform operation throughout the state, and the organization, jurisdiction, power, proceedings and practice of all the courts of the same class or grade, so far as regulated by law, and the force and effect of the proceedings, judgments and decrees of such courts severally shall be uniform: provided, however, that the legislature may classify the county courts according to the population of the respective counties and fix the jurisdiction and salary of the judges thereof accordingly." The particular objection to the statute relied upon is that the classification and adjustment of compensation according to population is unjust, arbi-

trary, and obnoxious to the constitution, because it relates to courts, and is neither general nor uniform in its operation throughout the state, and because it tends to delegate to the board of county commissioners the power to fix the compensation of county officers, in violation of section 6 of article 9 of the constitution, which is as follows: "The legislature shall provide by general law for such county, township and district officers as may be deemed necessary, and shall prescribe the duties and compensation of all county, township and district officers." We see nothing in the statute tending to authorize the board of county commissioners to fix the compensation of the clerk of courts, or to exercise any discretion in relation thereto; neither is there anything to indicate an intention on the part of the framers of the act to delegate legislative authority; and we conclude that such contention is without merit. The fact that section 34 of article 5 of the constitution requires all laws that relate to courts of the same class to be general and uniform regarding their organization, jurisdiction, powers, proceedings, and judgments, does not, as maintained by counsel, apply to the inferior officers of such courts, with force sufficient to invalidate section 10 of chapter 81 of the Laws of 1890; and the same has no special application to a legislative enactment which definitely fixes a uniform compensation for the clerks of such courts, which operates upon, and in the same manner affects, every person in the state who is brought within the relations and conditions for which it provides. According to the statute under consideration, the defendant is entitled to receive the maximum salary of $2,000, and is not injured by the provision that allows but $1,500 to clerks in less populous counties; and, although his right to question the constitutionality of the law may consequently be doubtful, we will give the matter our attention. It is evident that the requirements of section 34 of article 5 of the constitution have been fully met, if the statute has the same operation in all parts of the state, and applies in general terms to all counties therein, under the same circumstances and

conditions. The constitution of Indiana prohibits, in express terms, the passage of any local or special laws in relation to the fees and salaries of the public officers of that state, and requires all laws relating thereto to be general and uniform in their operation; and a statute which provides for an increased salary to a county auditor where the population is over 15,000 was declared not to be in conflict with such constitutional provision. Hanlon v. Board, 53 Ind. 123; Groesch v. State, 42 Ind. 547; People v. Wright, 70 Ill. 388; State v. Wilcox, 45 Mo. 458. In McAunich v. Railroad Co., 20 Iowa, 338, the court says: "These laws are general and uniform, not because they operate upon every person in the state, for they do not, but because every person who is brought within the relations and circumstances provided for is affected by the law. They are general and uniform in their operation upon all persons in the like situation, and the fact of their being general and uniform is not affected by the number of persons within the scope of their operation." To the same effect, see Welker v. Potter, 18 Ohio St. 85; Suth. St. Const. 124. In our opinion, section 10 of chapter 81 of the Laws of 1890 is general in its application, and uniform in its operation throughout the state, and applies generally, uniformly, and equally to all persons brought within the relations and circumstances for which it makes provision, and therefore is not in contravention of section 34 of the fifth article of the constitution.

This brings us to the first objection urged by appellant's counsel. When the action is brought in the name of the county the board of county commissioners is alone authorized to make either of the charges specified, and to institute the suit to remove a person who has been elected to, and is occupying, a county office; and it will be observed that the charge must be made by the board, and the suit must be maintained in its corporate capacity, and not in the individual capacity of the members thereof, and that the county is not authorized to bring the action in any event. The necessity of the resolution, passed

upon mature deliberation of a meeting of the board, to the effect that the charge be made and the action be instituted, is apparent, when we consider the grave consequences of a prosecution under a provision of law, by which the accused may be summarily suspended from office by an order of court, before trial, and at any time after the commencement of the action, and by which his prosecutors, the board of county commissioners, temporarily fill the office by appointment, as required by section 1389, which also provides that the verdict shall be "Guilty" or "Not guilty," and, in case of a conviction as charged, the judgment may be as provided for in the Code of Criminal Procedure. A statute by which an elective officer may be ousted pending a suit for that purpose, and before his guilt has been judicially established, is harsh in its application, and penal in its character; and he ought, with certainty, to be advised by what authority he is accused, and by whom he is being prosecuted, before he is required to answer to a charge which is injurious to his reputation, even though he be innocent. We are aware that it is the daily practice of good lawyers in this jurisdiction, to bring actions in the name of a county, for and on behalf of a county, without an authoritative allegation, and that section 591 of the Compiled Laws provides that the county commissioners (the board not being named) shall have power to institute and prosecute civil actions in the name of the county; but as this recital relates to actions that are purely civil in their nature, we scarcely regard it sufficient, in the absence of an averment, to raise a presumption that a board of county commissioners, in their official capacity, have charged a county officer, and have brought an action to remove him, under sections 1387, 1388, although the name of the county is used as the party plaintiff. The complaint, under these sections, should affirmatively show that the action is brought by the board of county commissioners, so that the accused, in case his guilt be not established, may obtain a valid judgment against the county for costs, or, in a proper case, maintain an

action for malicious prosecution against the members of the board, should they knowingly make false charges, and prosecute an officer maliciously. To place upon the defendant the burden of proving that the action was not instituted by the board, would impose upon him a great hardship; and, even though he be able to establish the fact, to whom would he look for his costs and disbursements, in case the action was not in fact brought by the board of county commissioners, as required by law, but by an irresponsible person, in the name of the county, without authority? Nowhere in the complaint does it appear that the action is brought by the board of county commissioners pursuant to a resolution or otherwise, and the fact that the state's attorney signed said complaint as attorney for the plaintiff, and the chairman of the board of county commissioners verified the same, is not sufficient to supply a material— if not, indeed, a jurisdictional—averment, but rather tends to support a presumption that the action is brought in the name of the county, by the state's attorney, or chairman of the board; and as neither of these officers have any authority, under the statutes, to prosecute the defendant in the name of the county, the complaint lacks an essential averment, which cannot be supplied by the evidence. The statute being penal in its nature, must be strictly construed. Kirby v. Telegraph Co. (S. D.) 57 N. W. 202. We think the demurrer should have been sustained, and the order appealed from is therefore reversed.

Kellam, J. I dissent from the conclusion of a majority of the court upon the last question discussed in the opinion, and upon which the case is reversed. While a complaint should always show a condition of facts which authorizes a plaintiff to sue, I am unable to see why an express allegation that the action in this case was brought in the name of the county, under the authority or direction of its board of commissioners, is essential, any more than in an ordinary action brought by and in the name of the county, under section 591, Comp. Laws.

That section provides that "they [the board of county commissioners] shall have power to institute and prosecute civil actions in the name of the county, for and on behalf of the county." Whether the action be one brought under sections 1387 and 1388, or under said section 591, or under the many other provisions authorizing the board, in specific cases, to bring an action in the name of the county, the relation of the board to the county, and to the bringing of the suit in the name of the county, is precisely the same. In either case the board brings the suit, but in the name of the county; and if the complaint sets up facts which, under the statute, would authorize the board to bring the suit, a distinct allegation that it had so brought it would be superogatory, and add nothing to the fact already *prima facie* proved by the presence of the suit. But appellant says somebody else might have brought it in the name of the county, without the direction or knowledge of the board. It might be true in any case that an intermeddler might bring an action in the name of a plaintiff from whom he had no authority, and without the knowledge of such plaintiff; but the presumption is always the other way, and the burden of showing the existence of such an exceptional condition would be upon the party alleging it. My brothers want the complaint to contain an allegation that the action is brought by the board, so that defendant may know whom to proceed against if finally entitled to be reembursed for costs, or to recover damages for malicious prosecution, but how would such an allegation help the matter? If the action in the name of the county is unauthorized,—which is the contingency the opinion seeks to provide for,—such allegation in the complaint in such action would be equally unauthorized, and would not bind the county or the board. If, upon the same facts, the statute had authorized the board to bring an action in its own name, and it had done so, no objection could be made to this complaint on the ground now being considered; but the statute gives the same authority to the board, only that in suing it shall use the name of the

county, instead of its own, as plaintiff. The authority of the board to bring this particular action under said sections 1387, 1388, is conveyed in essentially the same terms as its authority to bring actions generally is conveyed by said section 591; and what is a sufficient pleading in the respect under consideration in the one case is, I think, sufficient in the other. Actions are constantly being brought in the several courts of this state in the name of the county, by its board of county commissioners; and I do not remember a case, though there may be such, in which the pleader thought it necessary that the complaint contain such an allegation as the appellant contends is necessary in this case. In the opinion some importance is attached to the character of the action, in that it may result in the removal of defendant from office, but the question is only one of exhibited authority. If the complaint shows enough to authorize the board to bring an action for the recovery of money alleged to be wrongfully withheld by the clerk, I think it shows enough to authorize an action to enforce the consequences which, under the statutes, follows such wrongful act.

The opinion says the complaint should contain an allegation that the board brings the action. With the statute before us saying that when certain conditions exist an action shall be brought by the board, and with an action before us, the complaint in which alleges that the prescribed conditions do exist, brought in precisely the form required by the statute, a further allegation that the action is really brought by the board seems to me to be as unnecessary as an allegation in the complaint of any plaintiff that he really brings the action which his complaint shows he is entitled to bring, and which he seems to have brought. The statute declares that certain acts or omissions by an officer shall constitute a cause of action against him, and authorizes the board of county commissioners to bring the action in the name of the county. The cause of action consists in the defined misfeasance. The right and duty of bringing the action are put by the statute on the board. Its

complaint, to be good, must show such facts as constitute a cause of action against the officer; and the statute does the rest, for it plainly says that when such conditions exist the board shall bring the action. No such question as is now raised could occur if our statute provided, as in many of the states it does, that the board should bring such action in its own name; but I am unable to see why more is required to be stated to constitute a cause of action, simply because the action is to be brought by the board in some name other than its own.

One of the powers of a corporation organized under our statute is to bring a suit in its corporate name, but this power, like other corporate powers, must be exercised by its board of directors. Comp. Laws, sec. 2926. This then, is equivalent to saying that the board of directors may cause suit to be brought in the name of the corporation, and this is just what is done in such cases; but an allegation in a complaint that such action was brought by direction and under the authority of the board of directors would be unusual, and in my opinion, entirely unnecessary, in the face of the fact that the action was really brought, and that it could not have been brought in any other way than, by the board of directors. It would not be required that the complaint should anticipate and provide against a possible suggestion that the action had been brought, not by the board of directors, who had authority and who ought to have done so, but by some intermeddler, who had no authority and who ought not to have done so. So in the case under consideration, where the action is in the name of the county, which action could only be instituted by its board of county commissioners, the complaint states facts which made it the duty of such board to bring just such action in the name of the county as has in fact been brought, the complaint, in which is signed by the state's attorney, the legal and official law officer and attorney of the county board, and there verified by the chairman of the board, I can see no good reason for requiring

the complaint to go further, and expressly allege that what appears to have been done has really been done, and by the very parties who appear to have done it.