[No.1564, April 14, 1913.]

STATE, ex rel, J. P. MITCHELL, et al., Relators, v. E. L. MEDLER, Judge, etc., et al., Respondents.

SYLLABUS (BY THE COURT).

1. An action for the removal of an officer from office under the provisions of chapter 36, laws of 1909, is a civil and not a criminal proceeding.

2. The words "immediately set down for trial" as used in sec. 12 of the Act, are not peremptory, but secure, merely, to the public and the defendant, a preference of right of trial over other cases, and impress upon the proceeding as much expedition as is within the power of the court.

3. A writ of prohibition is not available as a writ of error, but is only available where there is a lack of jurisdiction.

OPINION OF THE COURT.

PARKER, J.—This is a proceeding for a writ of prohibition against the District Court of Lincoln County and the judge thereof, seeking to restrain them from entertaining jurisdiction of a cause there pending. It appears that the relators are duly elected, qualified and acting trustees of

the town of Las Cruces, N. M. On February 22nd, 1913, in the District Court of Dona Ana County, the grand jury of said court returned into open court a presentment or accusation, charging the said relators with certain delinquencies as such trustees therein specified. Upon the coming in of the presentment, Judge Medler issued an order for the service of a copy of the same upon the relators, together with a notice to be and appear before said court on the 3rd day of March, 1913, which was done. Upon the return day a demurrer was interposed by the relators to the presentment, upon various grounds, which was overruled, and afterwards a motion was filed to make the presentment more definite and certain, which was likewise overruled, and afterwards an additional demurrer was filed and overruled by the court. It is alleged in the petition for the writ that the court required the relators to plead "guilty" or "not guilty" to the presentment, but this fact is denied by the respondents. The plea of "not guilty," however, was entered. Thereupon counsel for the state in said cause moved the court for a change of venue of the cause to some other county, for the reason that a fair and impartial trial could not be obtained in the county of Dona Ana. This motion was sustained by the court and a change of venue granted to Lincoln County, and the causes set down for trial in that county for March 19th, 1913. Thereupon relators filed a demand for an immediate trial, and objected to any continuance of the cause to any future date or time, and objected to the change of venue and the setting of the cause for trial in Lincoln County on March 19th, and objected to the discharge of the jury theretofore in attendance upon the regular term of the court in Dona Ana County after the return of the accusation in court, and urged that the court in so discharging the jury, and so continuing the cause, had wholly lost jurisdiction over the defendants and the subject matter of the action. This motion and objections were overruled by the court.

The proceedings were instituted in pursuance of the provisions of chap. 36, of the laws of 1909. This act provides six different causes for removal of officers of various kinds, among which are the relators. The act provides for a presentment by the grand jury to the District Court of the

county in and for which the officer accused is elected. The pertinent provisions are as follows:

"Sec. 5. The accusation must state the offense charged in ordinary and concise language without repetition and in such manner as to enable a person of common understanding to know what is intended."

"Sec. 8. The defendant may answer the accusation either bv objecting to the sufficiency thereof, or any portion thereof, or by denying the truth of the same."

"Sec. 13. The trial must be by jury and conducted in all respects in the same manner as a trial on an information or indictment for a misdemeanor."

"Sec. 14. The form of verdict of the jury in such cases shall be 'guilty' or 'not guilty.'"

"Sec. 15. Upon a conviction the court must pronounce judgment that the defendant be removed from office; and the judgment must be entered upon the minutes assigning therein the causes of removal."

"Sec. 17. From a judgment of removal, appeal may be taken, to the Supreme Court in the same manner as from a judgment in a civil action, but until such judgment is reversed, the defendant is suspended from his office, and pending the appeal, the office must be filled as in case of vacancy."

"Sec. 10. All matters of procedure not otherwise herein provided for shall be governed by the code of criminal procedure."

"Sec. 16. The district attorney and the defendants are respectively entitled to such process as may be necessary to enforce the attendance of witnesses as upon a trial of an information or indictment."

"Sec. 7. The defendant must appear at the time appointed in the notice and answer the accusation unless for sufficient cause the court has assigned another date for that purpose. If he does not appear, the court may proceed to hear and determine the accusation in his absence."

"Sec. 12. As soon as the case is at issue, it must be immediately set down for trial, and shall have precedence over all other cases on the docket."

The argument of relators is based upon the following propositions: (1) The proceeding is a criminal proceeding,

State v. Medler, 17 N. M. 644.

and therefore, when the court changed the venue of the cause from Dona Ana County to Lincoln County, upon the application of the state and over the protest of relators, it lost jurisdiction of the parties and subject matter, and the District Court of Lincoln County acquired no jurisdiction thereof. (2) The relators were entitled to an immediate setting of the case for trial, and when the court discharged the jury in attendance upon the court and changed the venue of the cause to Lincoln County, the court thereby lost jurisdiction to further entertain the proceeding. (3) The presentment or accusation does not state facts sufficient to constitute a cause of action and therefore the court did not acquire jurisdiction of the subject matter.

The act in question is a curious, but by no means an unusual conglomeration of provisions extracted from the principles of the civil and criminal law. Various states have acts quite similar in provisions, including California, Utah, Idaho, the Dakotas and others. The determination of whether a proceeding instituted under a statute of this kind is a criminal or civil one, has varied in the different states, and various reasons have been assigned why the proceeding has in one instance been held to be a criminal proceeding, and in another instance a civil proceeding, and in one or more instances a special proceeding. The divergence of opinion as to what a proceeding of this kind really is, will be found to arise, we think, out of some peculiar feature of the statute in a given state not common to that of others. For instance in California, the statute provides in substance the same as ours as to procedure and the effect of the proceedings, with this exception, that in that state, the statute provides that in addition to the judgment of removal from office, the court shall award judgment of $500 in favor of the informer. This judgment for $500 is construed by that court as in the nature of a fine, and consequently, in that state they hold that the proceeding is criminal.

Kilburn v. Law Judge, 43 Pac. 615.

It is likewise provided in the Penal Code of California that "A crime or public offense is an act committed or omitted in violation of the law forbidding or commanding it, and to which is annexed upon conviction thereof, the

following punishment * * * 40 Removal from Office." For this reason also, they hold in California that the proceeding is criminal.

Wheeler v. Donnell, 43 Pac. 1.

In Idaho they have the same provision in regard to a judgment for $500 in favor of the informer. Notwithstanding this provision it is held in that state that the proceeding is not a criminal proceeding, and is not intended for punishment, but is intended to protect the people from corrupt or incompetent officials.

Rankin v. Jauman, 36 Pac. 502.

The court says:

"The right of the legislature to provide for the summary removal of incompetent or unfaithful officers is no new doctrine; and such legislation is on lines distinct from that which provides for punishment for extortion, or the right of recovery by the injured party of the sum wrongfully procured by an official through color of office. It arises from the exigencies of government, and if its enforcement is to be obstructed by all the delays and embarrassments incident to a jury trial, the aim and purpose of the law would be entirely defeated."

In South Dakota it is said:

"The necessity of the resolution, passed upon mature deliberation at a meeting of the board, to the effect that the charge be made and the action be instituted, is apparent, when we consider the grave consequences of a prosecution under a provision of law, by which the accused may be summarily suspended from office by an order of the court, before trial, and at any time after the commencement of the action, and by which his prosecutors, the Board of County Commissioners, temporarily fill the office by appointment, as required by sec. 1389, which also provides that the verdict shall be 'guilty' or 'not guilty' and, in case of a conviction as charged, the judgment may be as provided for in the Code of Criminal Procedure. A suit for that purpose, and before his guilt has been judicially established, is harsh in its application, and penal in its character; and he ought with certainty, to be advised by what authority he is accused, and by whom he is being prosecuted, before he is required to answer to a charge

State v. Medler, 17 N. M.. 644.

which is injurious to his reputation, even though he be innocent."

Minnehaha County v. Thorne, 61 N. W., 688.

In Oklahoma the proceeding is held to be a civil case by reason of the terms of the statute, which provide that:

"For the purpose of such removal a petition may be filed in the District Court of the county wherein such officer resides, in the name of the state, on the relation of any citizen thereof, upon the recommendation of the grand jury, grand juror, or on the relation of the Board of County Commissioners, or of any attorney appointed by the government under the provisions of this Act. Summons shall be issued and proceedings her therein to final judgment as in other civil cases."

The court says:

"It was evidently the intention of the legislature to place this particular action in the same classification as quo warranto, which is a civil action under all the authorities."

State v. Brown, Judge, 103 Pac. 762.

In Skeen v. Craig, 86 Pac. 487, the Utah court held that a proceeding of this kind under consideration is of a civil and not a criminal nature. In that state they have a similar statute to ours, and the statute there, like ours, omits to provide for the $500 fine. The court says:

"True, sec. 4575 of the same act as is sec. 4580, provides that the trial shall be conducted in the same manner. as the trial of an indictment or information for a felony. The legislature doubtless intended by this provision to throw around the accused the same safeguards with which the law clothes a defendant in a criminal action. The same rules governing the introduction of evidence must be followed, and the guilt of the defendant must be established by the same degree of positive proof as is required in criminal prosecution generally. It does not necessarily follow from this that a proceeding commenced in pursuance of the act in question, is to be classed as a criminal action. The character of an action must be determined by the thing or object intended to accomplish and the kind of judgment that may be entered. Counsel for respondents have cited several California cases in which proceedings of this kind are held to be criminal. While the sections of

the California statute relating to this class of actions are, in the main, similar to the corresponding sections of our own code, yet there is a distinction. Under the California statute, when the defendant is found guilty, the court must, in addition to entering a decree depriving him of his office, enter judgment in favor of the informer for $500. This penalty of $500, which is imposed on the defendant, the Supreme Court of that state has held to be nothing more nor less than a fine. In this state, as we have observed, no fine can be imposed in an action brought under section 4580. The Supreme Court of Idaho, in considering a statute of that state which provides for a fine of $500, and which, in other respects, is practically the same as the California Statute, has held, in a number of well considered cases hereinbefore cited, that this class of proceedings is civil and in no sense criminal. The reasoning of the Idaho and Michigan cases hereinbefore cited and referred to, and the conclusions therein reached, are more in accord with our views of the law on this question than are the principles announced in the decisions which hold contrary to the doctrine."

See also State v. Reach, 60 Me. 58, 11 Am. Rep. 172, where a statute of this kind which provides for an indictment, is nevertheless held to be a civil proceeding. The court says:

"We think the legislature did not intend this to be a strictly penal statute for the punishment by fine or imprisonment of the individual offender, but intended by this mode to reach every register of deeds who should use his office or his official name in a false or fraudulent manner, or give currency or credit to any official certificate or other paper which might be used for the purpose of fraud or imposition to the damage of honest men."

The obscurity and difference of opinion in regard to the interpretation of statutes of this kind no doubt often arises out of the fact that misfeasance and malfeasance in office were crimes at common law. The procedure at common law always contemplated a prosecution by indictment or information, and conviction was followed by a fine and imprisonment, as well as removal from office.

See Bacon's Abridgement, title Officers, (N).

State v. Medler, 17 N. M. 644.

But in these modern statutes which make no provision for punishment of any kind, the proceeding is plainly intended to rid the public of an incompetent or unworthy public servant, and are in this particular entirely different in nature from the original common law proceedings.

Our own territorial court in passing upon a territorial statute of similar import, held, in a well considered opinion, that the proceeding was a civil proceeding, and that the court was authorized to direct a verdict as in other civil cases.

Territory v. Sanchez, 14 N. M. 493; 94 Pac. 954.

This case is also reported in 20 A. & E. Ann. Cases, 109, and in a note accompanying the case all of the cases are collected, showing that a great preponderance of authority is to the effect that the proceeding is a civil proceeding under a statute like our state statute.

We think the view taken of a statute like the one under consideration by the Utah court, is more in accordance with the evident legislative intent in enacting our statute. It is true, as in Utah, Idaho, and elsewhere, that while certain features of the criminal law by way of procedure, form of verdict, degree of proof required, etc., are engrafted upon the proceeding, the real essence of the proceeding is simply to remove an officer from office. Some of the acts provided in the statute as causes for his removal may be the commission of a crime, but the object of the proceeding is not to punish the officer for any crime or dereliction, but to remove him from his office in the interest of the public, so that the office may be filled and the function thereof exercised by some competent and honest official. The principles of the criminal law which are engrafted upon the proceeding are designed for the protection of the officer himself. It may well be said that a person who has been elected to an office by the people among whom he has lived, and whose respect he has evidently attained, is not to be summarily removed from such an office until his dereliction is made to appear beyond all reasonable doubt. A presumption of honesty and capacity attends an officer who has been elected by his fellow citizens. That presumption ought not to be overcome by any flimsy or unsatisfactory proof. Hence the legislature has provided that this pre-

sumption shall go with him thoughout the trial down to the verdict, and shall only be overcome by the same measure of proof as is required to convict a citizen of crime. We think these are wise provisions, and have no doubt that they were inserted in this act with that object in view. A careful consideration of the act leads us however, to the conclusion that it is an action civil in its nature, and that it is not a criminal action.

It follows from the conclusion reached that the objection to the change of venue from Dona Ana County to Lincoln County, on the theory that the proceeding was criminal in its nature, is not well founded.

It is urged by relators that the District Court lost jurisdiction of the subject matter of the cause by failing to comply with sec. 12 of the Act hereinbefore quoted. It is true that the section provides that the cause, as soon as at issue, must be immediately set down for trial, and shall have precedence over all other cases on the docket. This section was evidently intended, so far as the public is concerned, to afford speedy and efficient remedy to remove an unsatisfactory official. So far as the defendant is concerned, it was designed to secure to him a speedy trial. We cannot interpret the terms used in this section to be absolutely peremptory in effect. In adopting such a section, the legislature necessarily took into account the usual course of proceedings in courts of justice. The legislature knew that various considerations moved the court from time to time to adopt different courses of proceeding to meet the exigencies then confronting it. All that the legislature could have intended by the section was to impress upon the proceeding the greatest possible expedition, both for the benefit of the public and of the defendant. It might possibly be that if a proceeding of this kind were allowed to be delayed an unreasonable time, the defendant might be entitled to a discharge, but the word "immediately" as used in the section, and as applied to the subject matter regulated by the act, can certainly reasonably mean no more than that the proceeding shall have a preference, and shall be expedited as much as within the power of the court.

See Words & Phrases, 3403.     . . . .

The argument of the relators that by reason of the failure of the complaint to state a cause of action, the court has never required jurisdiction of the subject matter, and should be prohibited from further entertaining the cause, is clearly untenable. The subject matter of the proceeding against the relators is clearly within the general jurisdiction of the District Court of Dona Ana County. If the court proceeds upon a complaint which does not state a cause of action, it commits an error which is reviewable only upon appeal or writ of error. As is well said in St. v. Brown, 103 Pac. 762:

"It is a well settled rule that, where an inferior court has jurisdiction to take the action contemplated under any circumstances, the exercise of such power by him involving a judicial discretion, a writ of prohibition will not lie. It is only where an inferior tribunal is about to do some act wholly unauthorized by law, or in excess of its jurisdiction, that the writ will lie. Ex parte Engles, 146 U. S. 357, 13 Sup. Ct. 281, 36 L. Ed. 1005; In re Fassett, 142 U. S. 479, 12 Sup. Ct. 295, 35 L. Ed. 1087; People ex rel Graver v. Circuit Court of Cook Co., et al, 173 Ill., 272, 50 N. E. 928; State ex rel Hoffman v. Scarritt, Judge, et al., 128 Mo. 331, 30 S. W. 1026; State ex rel Franklin v. Raborn, 60 S. C. 78, 38 S. E. 260; Board of Education, etc., v. Holt, 51 W. Ga. 435, 41 S. E. 337.

See also State ex rel Brown v. District Court, 27 Utah, 336, 1 A. & E. Ann. Cases, 711, where the authorities hold, in accordance with the general doctrine, that a writ of prohibition is not available as a writ of error, but is available only where there is a lack of jurisdiction.

The relators rely upon the case of Evans v. Willis, 22 Okla., 310, 18 A. & E. Ann. Cases, 258. An examination of that case, however, discloses the fact that the information exhibited in the court against the defendant was by a private prosecutor and that no officer authorized by law had filed such information, and it was therefore held that the court could acquire no jurisdiction of the subject matter upon such an information. In other words, that case was a case in which the court could not, under any circumstances, acquire jurisdiction. The distinction between that case and this is apparent. In this case the present-

ment emanates from the proper source, is filed in a court of competent jurisdiction, and whether it is sufficient in law to state a cause of action against the relators is a question reviewable only upon appeal or writ of error.

For the reasons stated the alternative writ of prohibition will be discharged, and it is so ordered.