[No. 1790, April 11, 1916.]
STATE v. AWALT, County Clerk.

SYLLABUS BY THE COURT.

1. By section 3971 of the Code of 1915 the district attorney is authorized to present an accusation, under the statu-

tory provisions for the removal of public officers, to the district court in vacation or term time, when, under the provisions of law, there will be no grand jury in the county where the same is presented for a period of at least 20 days after such presentment.

P. 513

2. By section 3972 of the Code of 1915, it is made the duty of the district attorney to present the accusation whenever sworn evidence is presented to him.

P. 514

3. By section 3973 of the Code of 1915, when the accusation is presented by the district attorney, it must be supported by sworn affidavit or affidavits.

P. 514

4. Where the verification of an accusation for the removal of a public officer is held insufficient by the trial court within 20 days of the time for the grand jury to meet or while it was in session, the matter should be presented to the grand jury, and it is error to permit amended verifications.

P. 514

Appeal from District Court, Curry County; Richardson, Judge.

Proceeding by the State to remove from office A. L. Awalt, County Clerk of Curry County. From a judgment of removal, defendant appeals. Reversed and remanded, with instructions to quash accusation.

JAMES A. HALL of Portales and HARRY L. PATTON of Clovis, for appellant.

HARRY S. BOWMAN, Assistant Attorney General, for the State.

## STATEMENT OF FACTS.

The appellant was elected to the office of county clerk for the county of Curry, and qualified as such official on the 18th day of January, 1912. On July 31, 1914, the district attorney presented an accusation to the district court of Curry county, charging the appellant, in his official capacity, with failure and refusal to account for public moneys coming into his hands, failure, neglect, and refusal to discharge the duties of his office, and misconduct in the discharge of such duties. Upon the return to the rule to show cause the defendant, appellant here, was suspended from office. A demurrer to the accusation was interposed by the defendant, and sustained in part and overruled in part, with leave granted the state to amend in certain particulars. A motion was also made to quash the rule to show cause, and was overruled. A later motion to strike the amended verification was also interposed and overruled, as was also motion to set aside the order of suspension. The case proceeded to trial before a jury, and resulted in a verdict of guilty and a judgment of removal from office. From which judgment, the appellant prayed and was granted an appeal to this court.

## OPINION OF THE COURT.

HANNA, J. (after stating the facts as above).—A motion has been filed in this court to vacate the judgment of the trial court, which is predicated upon the fact that since the trial of this cause, and appeal taken to this court, the Legislature has passed a law providing for salaries to be paid to county officials, which, it is contended, has legalized the retention of the fees retained by appellant, and which constituted the principal ground set out in the accusation seeking his removal. We deem it unnecessary to pass upon this motion, because the result we have reached finally disposes of the case, and we therefore proceed to a consideration of the assignments of error which raise the question.

Before considering the assignments of error which, in our view of the matter, dispose of this case, it is neces-

sary to point out that, after the accusation had been presented by the district attorney to the trial court, the defendant below interposed a demurrer which, among other things, raised the question that the accusation was not based upon sworn evidence as required by law, in that the supporting affidavits were not in conformity with the statute. As to this objection the demurrer was sustained, and permission given to amend the so-called "verifications," which was done over objection of defendant.

The second assignment of error predicates error upon this action of the trial court upon the ground that at the time said verifications were adjudged insufficient, and at the time of the amendment of the same, the grand jury of Curry county was in regular session for the September term of 1914, and the court was therefore without jurisdiction to proceed upon an accusation filed by the district attorney, but that the matter should have been presented to the grand jury then in session. After the amended verifications had been filed the defendant moved to quash the rule to show cause, and to strike the amended verifications, upon substantially the same grounds presented by the second assignment of error, and the action of the trial court in overruling these motions is made the basis of the third assignment of error. The question thus presented by the two assignments of error is to be solved, we believe, by a construction of our statutes upon the subject.

[1] By section 18 of chapter 36 of the Laws of 1909, the same appearing as section 3971 of the Code of 1915, the district attorney is authorized to present an accusation, under the statutory provision for the removal of public officers, to the district court in vacation or term time, when, under the provisions of law, there will be no grand jury in the county where the same is presented for a period of at least 20 days after such presentment. It is thus clearly evident that the jurisdiction of the district attorney to present the accusation provided for is thus limited, and, if the grand jury is to be in session within 20 days, he is without authority to file the accusation.

State v. Awalt, County Clerk, 21 N. M. 510.

[**2, 3**]   By section 19 of the same act, appearing as section 3972 of the Code, it is made the duty of the district attorney to present the accusation whenever sworn evidence is presented to him.   And by section 20 of the act, appearing as section 3973 of the Code, when the accusation is presented by the district attorney, it must be supported by sworn affidavit or affidavits.   It thus clearly appears that the Legislature intended that the district attorney could not proceed in the matter of the removal of county officials under the act of 1909, unless sworn evidence had been presented to him, and unless he filed an accusation supported by affidavit or affidavits at a time when the grand jury of the county would not be in session within a period of 20 days, or at a time when the grand jury was not actually in session.

[**4**]   Therefore, if the grand jury was to meet within 20 days, or was actually in session, the district attorney would be without any authority to file the accusation provided for by the removal act.   In this case the verification of the accusation, which was the affidavits contemplated by the removal act, had been held insufficient, with the result that the accusation at that time stood as if unsupported by the affidavits contemplated by the statute. The grand jury was then in session, and the matter should have been submitted to it; the district attorney being at that time without authority to proceed.

We therefore conclude that the second and third assignments of error were well taken, and the judgment of the district court is reversed, and the cause remanded, with instructions to quash the accusation; and it is so ordered.

ROBERTS, C. J., and PARKER, J., concur.