BARNETT v. HEPBURN, Dist. Judge.

No. 17793—Opinion Filed Oct. 5, 1926.

(Syllabus.)

1. Certiorari — Jurisdiction of Supreme Court—Vacating Orders of Inferior Court in Excess of Jurisdiction.

Section 2, article 7, of the Constitution expressly confers upon this court authority to issue the writ of certiorari, and when the record of an inferior court is before this court in accordance with a direction in said writ contained and on reviewing the same it appears that some order or judgment has been entered in excess of the jurisdiction of the court at the time of the entry of such order or judgment, this court will sustain such writ and quash, vacate, set aside, and hold for naught the order in question.

2. Officers—Grand Jury Removal Statute—Jurisdiction of Court—Statutory Procedure Mandatory.

Section 2397, C. O. S. 1921, is as follows: "After receiving the accusation, the judge to whom it is delivered must forthwith cause it to be transmitted to the district attorney of the county or subdivision, except when he is the officer accused, who must cause a copy thereof to be served upon the defendant, and required by written notice of not less than five days that he appear before the district court of the county or subdivision, and answer the accusation at a specified time. The original accusation must then be filed with the clerk of the court," and is a part of the grand jury removal statute, sections 2394 to 2405, C. O. S. 1921, inclusive, under which the proceedings herein were had. A strict compliance with the provisions of said section 2397, C. O. S. 1921, is a prerequisite to give the district court jurisdiction to make any orders affecting the rights of the accused.

3. Same—Order Suspending County Judge Void for Noncompliance with Statute.

Record examined in instant case, and it appearing that the mandatory prerequisites of section 2397, C. O. S. 1921, were not complied with, held that the district court of Okmulgee county acquired no jurisdiction over the person of the accused, and the order of respondent herein purporting to suspend defendant from office was without authority of law, wholly void, and of no force or effect.

Original action filed in the Supreme Court of the State of Oklahoma by W. A. Barnett for writ of certiorari against James Hepburn, District Judge of Okmulgee County. Writ sustained.

White, Nichols & Harris and R. E. Simpson, for petitioner.

A. N. Boatman, Co. Atty., and C. M. Gordon, Asst Co. Atty., for respondent.

HUNT, J. This is an original action filed herein by W. A. Barnett, county judge of Okmulgee county, on September 20, 1926, seeking a writ of certiorari against James Hepburn, district judge of Okmulgee county. The preliminary writ was issued on said date directing the respondent to certify to this court copies of all records and proceedings had in the matter of the state of Oklahoma against W. A. Barnett in the district court of Okmulgee county. In response to said writ respondent filed herein on September 22nd a complete transcript of the proceedings in said cause, and on September 25th briefs on behalf of petitioner and respondent were filed, and oral argument on the merits was had herein on September 29, 1926.

The admitted facts are that on September 15, 1926, a grand jury impaneled in Okmulgee county returned into the district court of said county before Honorable James Hepburn, district judge, an accusation against W. A. Barnett, county judge, in eight counts charging him with habitual and willful neglect of duty, gross partiality in office, corruption in office and willful maladministration in office, and praying his removal from office and his suspension from office pending trial. It was asserted in the oral argument herein and not denied by counsel, and therefore will be taken as true, that the defendant, Barnett, was present in the courtroom when the grand jury reported and returned the accusation, and when same was handed to the district judge, the respondent herein, same was given a number, to wit, 2733, and the court stated, as appears from the clerk's minutes as set out in the record certified to this court:

"No. 2733 will be filed and the defendant ordered suspended from office as per journal entry."

Thereupon an order of suspension was signed and filed by the judge and ordered served on the defendant.

That this is the proper proceeding to obtain the relief sought seems to be conceded in the briefs filed herein, and we therefore deem it unnecessary to discuss this further than to refer to section 2, article 7, of the Constitution, which expressly confers upon this court authority to issue writs of certiorari. See Parmenter et al. v. Ray, County Judge, 58 Okla. 27, 158 Pac. 1183; Baker

v. Newton, 22 Okla. 658, 98 Pac. 931; Palmer v. Harris, 23 Okla. 501, 101 Pac. 852; In re Benedictine Fathers of Sacred Heart Mission, 45 Okla. 358, 145 Pac. 494. As contended by respondent, the sole purpose of this proceeding is to determine, Did the district judge of Okmulgee county, at the time the order of suspension herein complained of was signed, have the jurisdictional power to enter said order of suspension, and not whether he acted unwisely or indiscreetly or any other question save that of jurisdiction.

We are not concerned in this proceeding with the guilt or innocence of the accused, for that question is not before us; the only question for determination here being as to whether or not the district judge of Okmulgee county had acquired jurisdiction of the person of the defendant and had the power to enter the order of suspension herein without proceeding in accordance with the provision of section 2397, C. O. S. 1921. Counsel agree that sections 2394 to 2405, C. O. S. 1921, inclusive, are the provisions of our statute applicable to this proceeding. It is fundamental that the court must first acquire jurisdiction of the person of the defendant in cases of this kind before it can make a valid order respecting the rights of the defendant.

This court, in Jefferson v. Gallagher, 56 Okla. 405, 150 Pac. 1071, uses the following language:

"The first fundamental requisite to the validity of a judgment is that it should have been rendered by a court having jurisdiction, for, without jurisdiction, the court can do nothing, and a judgment rendered without jurisdiction is a mere nullity. The jurisdiction required is of three sorts: First, jurisdiction of the parties; second, jurisdiction of the general subject-matter; third, jurisdiction of the particular matter which the judgment professes to decide."

The first requisite to the validity of the judge's order of suspension is therefore jurisdiction of the person.

The mere filing of the accusation did not confer this jurisdiction. In an ordinary civil action, the filing of a petition does not confer jurisdiction of the person of the defendant on the court, but a summons must be issued thereon, served on defendant in the manner provided by law, and filed in the office of the clerk with the return of the officer indorsed thereon, before complete jurisdiction is acquired; so, in the case at bar, the mere filing of the accusation did not confer jurisdiction of the person of the defendant on the court.

Section 2397, C. O. S. 1921, is as follows:

"After receiving the accusation, the judge to whom it is delivered must forthwith cause it to be transmitted to the district attorney of the county or subdivision, except when he is the officer accused, who must cause a copy thereof to be served upon the defendant, and required by written notice of not less than five days that he appear before the district court of the, county or subdivision, and answer the accusation at a specified time. The original accusation must then be filed with the clerk of the court."

It is conceded in the briefs that this is a part of the general removal statute as distinguished from the so-called County Commissioners Act, and the Attorney General's Bill. It is the section applicable here. So it becomes necessary to determine, then, are the provisions of section 2397 mandatory. If so, it must be strictly complied with. This section prescribes the duties of the district judge and county attorney after receiving the accusation from the grand jury. It is plain and unambiguous, simple in its language, and specific in its terms. It is in fact the very substance of the act itself. It is not the province of the district judge, the county attorney, nor our province here to take anything from it or add anything to it, but merely to see that its provisions are carried out as written. It provides two specific things to be done, one by the judge and one by the county attorney, using in each instance the word "must," and further provides that after these two things have been done, and not until then, the accusation must be filed with the clerk of the court. These provisions in our opinion are mandatory, and unless same are complied with, the court cannot acquire jurisdiction of the person of the defendant. The record before us shows, as hereinbefore set out, that, immediately upon receiving the accusation from the grand jury, the respondent herein delivered it to the clerk for filing, and though both the defendant and the county attorney were present in the courtroom at the time, and it would have been very easy to obtain jurisdiction of the defendant in the manner provided by law, yet no effort to comply with the terms of the act under which the proceedings were being had was made, but the judge, respondent herein, immediately and without calling the defendant by name, but merely referring to him as defendant in No. 2733, handed to the clerk a journal entry, which journal entry, as disclosed from the record, suspended the accused from office. So far as we have been able to find, this precise question has not heretofore been before this court, and neither petitioner nor respondent has cited any authority from this or any other state directly in point, except as we may reason therefrom by analogy. Our conclusion, therefore, has been reached from an examination of the record before us in connection with the statute applicable thereto. The statute, in our opinion, is clear; so clear, as we view it, that no rule of statutory construction need be drawn to its aid.

In the case of State v. Leahy, 231 Pac. 197, a New Mexico case, it was held that the citation ordered by the statute to be served on the accused was the basis for the court's jurisdiction. The Supreme Court of New Mexico, speaking through Chief Justice Parker, said:

"Without this citation there is no proceeding pending, and the court has no jurisdiction to proceed with the inquiry nor of the person of the officer. This is the situation in regard to this suspension proceeding, and the judgment must be held to be void."

This is the identical situation we have here. While our statute is not identical with the New Mexico statute, it is very similar in that it requires copy of the accusation to be forthwith delivered to the district attorney (county attorney), who must cause a copy thereof to be served on the defendant, together with a written notice that he appear before the district court of the county and answer the accusation at a specified time. These mandatory duties enjoined on the district judge and county attorney are prerequisite to the jurisdiction of the court, and not until jurisdiction is thus acquired is the clerk authorized to file the original accusation, there being no proceeding pending within which to file same until these mandatory prerequisites are met. As in the New Mexico case the citation to the defendant was the basis of the jurisdiction, so in this case is service of a copy of the accusation, together with written notice to appear and answer, etc., the basis for jurisdiction, and here as there, the judgment of the court must be held to be void for want of jurisdiction, and we are therefore forced to conclude that the writ of certiorari as prayed for must be sustained, and the order and judgment of the district court of Okmulgee county purporting to suspend the defendant from office is without any authority of law, and is therefore quashed, vacated, set aside, and held for naught.

NICHOLSON, C. J., BRANSON, V. C. J., and MASON, PHELPS, LESTER, CLARK, and RILEY, JJ., concur.

Note.—See under (1) 11 C. J. p. 100, §26;

p. 103, §30; p. 139, §105; p. 210, §378; 15 C. J. p. 1108, §540; 29 Cyc. p. 1406; 5 R. C. L. p. 252; 1 R. C. L. Supp. p. 1345; 4 R. C. L. Supp. p. 319; 5 R. C. L. Supp. p. 276. (2) 29 Cyc. p. 1406. (3) 29 Cyc. p. 1406.