Dennis LOPER, Petitioner,

v.

Joe D. SHUMATE, in his capacity as the Judge of the District Court, within and for Garvin County, State of Oklahoma, Respondent.

No. 36782.

Supreme Court of Oklahoma.

April 6, 1955.

240

Original action instituted by Dennis Loper, as petitioner, for a writ of prohibition to prevent the respondent district judge from further proceeding in an action brought to remove said petitioner from office as a member of the Board of Education of Paoli Independent School District 5, Garvin County. Writ Granted.

Bowie & Bowie, Pauls Valley, for petitioner.

Raymond Burger, County Atty., Garvin County, Pauls Valley, for respondent.

BLACKBIRD, Justice.

This is an original action instituted in this court by Dennis Loper, petitioner, for a Writ Of Prohibition to prevent the respondent Judge of the District Court of Garvin County, Oklahoma, from proceeding with the trial of said court's cause No. 16867, which was instituted for the stated purpose of removing petitioner from his position as a member of the Board of Education of Paoli Independent School District 5, of said county.

The question to be decided herein hinges upon the correct interpretation of our Statutes, (Tit. 22 O.S.1951 § 1181 et seq.) for the removal of officers of various governmental units or subdivisions, by proceedings instituted for that purpose upon an "accusation in writing * * * presented by the grand jury to the district court * * *." Sec. 1182 of said Title, supra.

Previous to the institution of said action there had been filed in said District Court, on December 20, 1954, under docket No. 16827, and the style of "In re: Grand Jury Proceedings", a document entitled "Partial Report Of Grand Jury" bearing the signatures of all members of a grand jury empaneled in said county a week prior thereto. In said "Report" it was represented, among other things, that four members of "The School Board of Paoli Public School", including Loper, have "been guilty of gross neglect and extreme dereliction of duties as public officials and public school board members, in that they wholly and without justification placed the responsibility of said board upon the shoulders of the previous" School Superintendent, delegating to him, without supervision "the business of running the school, purchasing supplies" and equipment, and apparently refusing or neglecting to "check" such activities of said Superintendent, thereby allowing the misuse of public funds, the waste of school district property and a "complete lack of efficient management." It was further stated in said "Report" that the grand jury "recommends that your Honor should cause to be removed from office * * * (the four members of said school board, naming them) because of their gross neglect and dereliction of duty, in the hope that a suitable school board might be elected to properly organize and manage the school business at Paoli."

The district court action or suit, Cause No. 16867, supra, thereafter instituted under the style of "State Of Oklahoma, Plaintiff, vs. Dennis Loper, Defendant", was commenced by the filing of an instrument entitled: "Accusating For Removal Of Public Official" drawn and filed, without verification, by the County Attorney.

This document, in addition to seeking Loper's removal, prayed for his suspension from office "pending a trial of the issues * * *". However, it bore no signature by any member of the grand jury and is not claimed to have ever been seen or handled by that body, or any member thereof, although it is worded as if the grand jury was the complainant and was making the allegations set forth therein.

Upon the County Attorney's exhibition of this instrument to the then District Judge, on January 7, 1955, said Judge signed a "Notice To Answer Accusation" notifying

Loper to appear before said District Court and answer the "Accusation" on January 14, 1955. According to the sheriff's return on this notice a copy of said so-called "accusation", was served upon Loper the same day. Insofar as is revealed by the single filing mark at the end of these papers (as copied and exhibited to us) none of them was filed in Cause No. 16867, until January 10, 1955. On January 14, Loper filed in said cause a "Plea to the Jurisdiction of the Court", in which he alleged, among other things, the following:

"2. That the Court has no jurisdiction of the defendant in this case for the reason that no accusation of the Grand Jury was presented by the Grand Jury to the District Court of Garvin County, Oklahoma, and the District Court of Garvin County, Oklahoma did not deliver any accusation to the County Attorney of Garvin County, Oklahoma, and that the County Attorney of Garvin County, Oklahoma did not serve any copy of the purported Grand Jury's accusation on Dennis Loper, and that the purported accusation is a purported accusation filed entirely by the County Attorney of Garvin County, Oklahoma, and not by the Grand Jury and that the County Attorney of Garvin County, Oklahoma, is without authority of law or jurisdiction to file an accusation for the removal of Dennis Loper as a school board member of Paoli School District of Garvin County, Oklahoma, and that the purported accusation shows upon its face that it is void and of no force and effect.

"3. That said notice did not give this defendant notice of the intention of the County Attorney of Garvin County, Oklahoma, to file said purported accusation, but gave him notice that the action had been filed, and that said notice was issued after the purported accusation was filed in this case and that he had no notice of the attempted suspension, and that all of said actions are void."

After a hearing held the same day (January 14) before the respondent judge, on the issues joined by the two above-described pleadings, and at which the county attorney was the only witness interrogated, said Judge entered an order whereby he vacated his predecessor's order suspending Loper from office during the pendency of said action and reset that matter for hearing at a certain future date, but overruled the defendant's plea to said court's jurisdiction.

Thereafter, said defendant instituted the present action, as petitioner, and as ground for our issuance of the writ herein sought still maintains that Cause No. 16867, supra, was not instituted as provided by Tit. 22 O.S.1951 § 1181 et seq., supra, and therefore the proceedings had therein are insufficient to invoke the power of suspension and removal prescribed by said statutes. The respondent judge relies upon the contention that said statutes have been substantially complied with in Cause No. 16867, and that substantial compliance is all that is required under the opinion of this Court in Rose v. Arnold, 183 Okl. 286, 82 P.2d 293, which he says indicates this court's departure from the previous rule of strict compliance followed in Barnett v. Hepburn, 121 Okl. 268, 249 P. 921, and other earlier opinions.

■ At the outset, it must be recognized that neither of the cases above referred to involved the precise question which is first raised herein, and which, if jurisdictional, and determined in petitioner's favor, will be conclusive as to his right to the writ he seeks. That question is: "Must the document or pleading prescribed by Tit. 22 O.S. 1951 §§ 1182 and 1183, for the institution of the removal action authorized by Chap. 23 of our Criminal Procedure (in which they appear) be an 'accusation in writing * * presented by the grand jury to the district court * * *'?" If it must, then clearly the above-described instrument, drawn and filed solely by the County Attorney and filed as the initial and only pleading on behalf of the plaintiff in Cause No. 16867, is not such an "accusation", because it, unlike the hereinbefore described "Partial Report Of Grand Jury", which was never filed in said cause nor served upon Loper, and from which it differs materially, was not presented to the court *by the grand jury,* nor

as a product of the grand jury's proceedings, but solely by the County Attorney, its only author and signer. According to sec. 1184 of said statutes, it is the accusation in writing presented to the Court by the grand jury and filed with the Court Clerk that the defending office-holder is to answer—not a pleading, document, charge or accusation made by the County Attorney or anyone else. These statutes, like many of our others, were adopted from North Dakota. They appear in the 1909 compilation of our statutes, C.L.1909, as Chap. 89, Art. III, secs. 6538–6553, both inclusive. In secs. 6540 to 6552, both inclusive, of that compilation, the wording is identical, or practically so, with secs. 9633 to 9645, both inclusive, of the Revised Codes of North Dakota 1905; and sec. 6539, Tit. 22 O.S.1951 § 1182 providing that the accusation "may be presented by the grand jury * * *" is in all respects material to the question at hand, identical to sec. 9632, of said North Dakota Revised Codes. All doubt which may once have existed with reference to this question was resolved before Oklahoma became a state, and adopted the 1909 statute compilation, by the decision the Supreme Court of North Dakota promulgated during the year 1906, in the case of State v. Richardson & Carroll, 16 N.D. 1, 109 N.W. 1026, 1027. There it was held that to remove officers for the causes prescribed solely by the North Dakota Statute, section 9632, (as distinguished from causes specified in that State's sec. 9646, authorizing such proceedings upon the accusation of "any person") the accusation filed to institute the suit or action *must* be one *presented by the grand jury;* and that such an accusation was a necessary prerequisite to the court's jurisdiction of such alleged causes. We think that decision is controlling in the matter before us, See Harness v. Myers, 143 Okl. 147, 288 P. 285, and Knox v. McMillan, Okl., 272 P.2d 1040, and is in accord with the decisions of other states on similar questions and related matters. See, for instance, State ex rel. Delgado v. Leahy, 30 N.Mex. 221, 231 P. 197; State v. Awalt, 21 N.Mex. 510, 156 P. 407, and the discussion of similar California statutes in the case of In re Burleigh, 145 Cal. 35, 78 P. 242. A suit to remove a person from office and to suspend him therefrom before his guilt has been judicially established is harsh in its application and, in some of its aspects, penal in character. As said in Minnehaha County v. Thorne, 6 S.D. 449, 61 N.W. 688, quoted in State ex rel. Mitchell v. Medler, 17 N.Mex. 644, 131 P. 976, 978, the accused ought "'with certainty, to be advised by what authority he is accused, and by whom he is being prosecuted,'" before he answers a charge which is injurious to his reputation, even though he be innocent.

While we recognize that the "Partial Report Of Grand Jury" herein shown to have been presented to the former judge of the District Court of Garvin County, but not filed in the action with which we are concerned, might be claimed a recommendation by that body that Mr. Loper be removed from office, this action is quite different from, and should not be confused with, the one prescribed by our statutes on "Intoxicating Liquors" for the removal of officers who fail or refuse to perform the duties therein required of them, where the petition for removal may be filed "on the relation of any citizen * * * upon the recommendation of a grand jury * * *." Tit. 37 O.S.1951 § 94.

As we have concluded on the basis of the plain and correct meaning of the statutes involved herein, that the Court was without jurisdiction in Cause No. 16867, supra, to suspend or remove Mr. Loper from his position, the Writ Of Prohibition he petitioned for herein, is hereby granted.

JOHNSON, C. J., WILLIAMS, V. C. J., and CORN, DAVISON, HALLEY and JACKSON, JJ., concur.