Eston R. FISHER, County Commissioner, District I, Jack Davis, County Commissioner, District II, O. L. Damron, County Commissioner, District III, Stephens County, Oklahoma, Petitioners,

v.

The Honorable Jack L. BROCK, District Judge, Comanche County, by special appointment in Stephens County, Respondent.

No. 52638.

Supreme Court of Oklahoma.

Sept. 12, 1978.

216

Sullivan, Steely & Ellis, Jerome Sullivan, Jr., Thomas T. Ellis, Duncan, for petitioners.

Larry Derryberry, Atty. Gen., Mary Kathleen Rhodes, Asst. Atty. Gen., Ken Johnston, Sp. Prosecutor, Stephens County, for respondent.

SIMMS, Justice.

Petitioners, County Commissioners of Stephens County, ask this Court to assume original jurisdiction and issue writ of prohibition against Respondent, Honorable Jack L. Brock, to restrain and prohibit him from proceeding further in the proceedings for removal of Petitioners from public office by accusation of a grand jury, for the reason that Respondent Judge is without jurisdiction to proceed further.

Petitioners contend that the removal proceedings were not commenced in accordance with the statutory provisions of 22 O.S.1971, § 1184, and that the irregularities were fatal to Respondent's acquisition of both personal and subject matter jurisdiction.

Title 22, O.S.1971, § 1184 provides:

"After receiving the accusation, the judge to whom it is delivered must forthwith cause it to be transmitted to the district attorney of the county or subdivision, except when he is the officer accused, who must cause a copy thereof to be served upon the defendant, and required by written notice of not less than five days that he appear before the district court of the county or subdivision, and answer the accusation at a specified time. The original accusation must then be filed with the clerk of the court."

Briefly, the facts are these. Around 12:30 a. m. on June 14, 1978, in open court, the Stephens County grand jury returned accusations against Petitioners seeking their removal from public office. The accusations were delivered to Judge Arthur Marmaduke, then presiding over the proceeding. Also present in the courtroom were the Stephens County Court Clerk and the District Attorney, Melvin Singleterry, who assisted the grand jury. Judge Marmaduke read the accusations and delivered them to the court clerk with directions that they be kept with the grand jury's final report and filed in the clerk's office. The final report was filed at 12:50 a. m. on June 14, under case number C–78–50 and each accusation was stamped to reflect the same time but the accusations did not bear a case number. At 11:16 a. m. that same day, an order was entered on motion of the District Attorney, Melvin Singleterry, and his staff to disqualify in any further action against Petitioners. Still later that same day, at 12:00 p. m., District Judge Helel Branch ordered the accusations withdrawn from the grand jury file and transferred to separate civil files. The accusations were given individual case numbers (C–78–183; C–78–184; C–78–185) and although they were held by the clerk, they were not stamped for filing at that time.

On July 13, 1978, Ken Johnston was appointed Special Prosecutor by the Attorney

General in the removal actions, pursuant to 19 O.S.1971, § 215.9. The next day (July 14), Mr. Johnston received the accusations from the court clerk and sent copies thereof to each Petitioner together with written notice to Petitioners to appear before the District Court on August 4, 1978, at 10:00 a. m., for hearing on the accusations.

Each petitioner was timely served and the accusations were filed under their existing case numbers (C–78–183; C–78–184; C–78–185) on August 1, 1978.

Petitioners filed their Special Appearance, Motion to Quash and Plea to the Jurisdiction which were heard and overruled by Respondent, Specially Assigned District Judge, on August 4, 1978. Respondent then ordered Petitioners to either object to the accusations or answer them or they would be found guilty of the charges therein.

Petitioners contend that because Judge Marmaduke delivered the accusations to the court clerk for filing with the Final Report instead of "forthwith transmitting" them to the District Attorney, and because the accusations were "filed" prior to service of notice on Petitioners, Respondent has no jurisdiction over Petitioners or the action. Petitioners rely primarily on *Barnett v. Hepburn,* 121 Okl. 268, 249 P. 921 (1926) and *Loper v. Shumate,* Okl., 282 P.2d 239 (1955) in support of their position.

Those decisions do not support Petitioners' arguments, however. It is clear from *Barnett, Loper* and *Rose v. Arnold,* 183 Okl. 286, 82 P.2d 293 (1938), cited by the Attorney General, that the irregularities complained of here do not constitute jurisdictional defects in the removal proceedings.

The plain purpose of § 1184 is to guarantee that a public official receives a copy of the grand jury's accusation against him and notice of hearing on the accusation at least five days before the hearing.

In *Barnett, supra,* we held that the trial judge did not have the jurisdictional power to enter an order *suspending* defendant district judge from office immediately after receipt of the accusation. We determined that the statutory provisions at issue here (then section 2394, C.O.S.1921) imposing duties upon the court and county attorney were prerequisite to the jurisdiction of the court over defendant and that service of process is the basis for that jurisdiction. We vacated and set aside the suspension order as void for want of jurisdiction.

Later, in *Rose v. Arnold, supra,* we prohibited enforcement of the trial court's order suspending public officials from office without hearing on the accusations. There the grand jury returned accusations of July 2; immediate suspension of defendants was ordered by the court and only subsequent to that order did the county attorney prepare notice requiring defendants to appear for hearing on July 15. On July 4, however, the trial judge, county attorney, and court clerk went to the courthouse (which was closed for the Holiday), "withdrew" the accusations and "refiled" them with proof of service. The judge then vacated his July 2 suspension order. This Court prohibited enforcement of both suspension orders and any other such order until and unless the defendants received notice and an opportunity to be present and heard.

■ The distinction between the facts in *Barnett* and *Rose* and those of the instant case are obvious: here the Respondent made *no attempt to exercise jurisdiction* over Petitioners prior to their receipt of notice and an opportunity to be heard. Certainly the Respondent had no power to exercise jurisdiction before notice was given to Petitioners (*Barnett; Rose, supra*), but Respondent did not try to do so. The accusations were placed in the clerk's office on June 14, and remained there, but it was not until the August 4 hearing, of which Petitioners had 5 days notice, that Respondent attempted to exercise jurisdiction over Petitioners.

■ While it is true that the trial judge gave the accusations to the clerk for filing rather than handing them to the District Attorney, that deviation from statutory procedure is not of jurisdictional magnitude. In *Rose, supra,* the accusations were filed, withdrawn, and refiled prior to notice

to defendants but jurisdiction was not wanting for that reason. Clearly the accusations, although filed immediately, were found by this Court to form a proper foundation for the removal proceeding so long as defendants received notice and an opportunity to be heard before the court attempted to exercise jurisdiction over them.

■ Additionally, we agree with the Attorney General that under the facts and circumstances of this case, the accusations were delivered to the prosecutor in a manner consistent with the statute. The District Attorney and his entire staff disqualified from further proceedings within hours after the accusations were returned. There was, therefore, no district attorney to whom the accusations could be "forthwith transmitted" until appointment of the Special Prosecutor, and 24 hours after his appointment the accusations were delivered to him. In *State v. Morley,* Okl., 168 Okl. 259, 34 P.2d 258 (1934), we adopted Webster's definition of forthwith as " . . . . . [i]mmediately; without delay; directly, hence within a reasonable time under the circumstances of the case; promptly and with reasonable dispatch."

*Loper v. Shumate, supra,* upon which Petitioners rely as support for their subject matter jurisdiction argument, concerned an attempt to remove a public official upon a purported "accusation" by a *county attorney* rather than accusation of a grand jury as required by statute. Inasmuch as the accusation in this action was presented by a grand jury, *Loper,* has no application.

For the above and foregoing reasons, we assume original jurisdiction and deny the writ of prohibition.

HODGES, C. J., LAVENDER, V. C. J., and WILLIAMS, IRWIN, BERRY, BARNES and DOOLIN, JJ., concur.