DANIEL FAYERWEATHER AND OTHERS *vs.* CHARLES C.
MONSON AND OTHERS.

New Haven & Fairfield Cos., Jan. T., 1892. CARPENTER, SEYMOUR,
TORRANCE, FENN and ROBINSON, Js.

It is provided by Gen. Statutes, § 1299, that "when any inferior court ex-
ceeds its jurisdiction or holds plea of any matter or cause whereof by
law it has no cognizance," the Superior Court, or any judge of the
court in vacation, on application of the party aggrieved, may examine
and decide upon the truth of the allegations of the application and the
sufficiency of the facts, and if sufficient ground is found, shall issue a
writ of prohibition, commanding the inferior tribunal " to proceed no
further in the trial of the cause." Held—

1. That whatever jurisdiction the Superior Court or a judge of that court
has in the matter of a writ of prohibition, is given by this statute.

2. That under it the granting or refusing of the writ depends upon the
proof and sufficiency of the facts averred, and not upon the discretion
of the court or judge.

3. That the writ is an extraordinary one, in the use of which great care has
always been and always should be exercised.

4. That a judgment dismissing an application for the writ, with costs to
the defendant, is a final one, from which an appeal lies to this court.

The plaintiffs had petitioned a probate court for a declaration of insolvency
against an insolvent debtor and the appointment of a trustee in insol-
vency, and had taken all the necessary proceedings for procuring such
action of the court. After a trustee had been appointed they withdrew
the proceeding, under an arrangement with the debtor. The next day
the defendants, who were also creditors, entered in the case, and as
intervening creditors under the statute procured an order of the court
reviving the proceeding and for the appointment of a trustee at a later
session. Held, on an application of the plaintiffs for a writ of prohi-
bition against the proceeding—

1. That the plaintiffs had a right to withdraw the case in the probate court,
no other creditors having then intervened.

2. That after the case was withdrawn it was too late for other creditors to
intervene, and the probate court had no jurisdiction to proceed with
the case upon their intervention.

3. That the case was a proper one for a writ of prohibition.

4. That it was not a reason for not granting the writ that the court of pro-
bate had already taken action, since the proceedings had were only
preliminary to further action of the court.

The writ of prohibition checks further proceedings and quashes what has
been done without jurisdiction.

[Argued January 26th—decided February 29th, 1892.]

APPLICATION for a writ of prohibition; brought to the Superior Court in New Haven County. A rule to show cause was issued; the parties appeared and the defendants filed a plea to the jurisdiction of the court, to which the plaintiffs demurred. The court (*Thayer, J.*,) having heard the parties upon the pleadings, both as to the sufficiency of the facts set forth in the complaint and as to the sufficiency of the facts alleged in the plea to the jurisdiction, held the facts not sufficient to warrant the issuing of the writ, and rendered judgment for the defendants to recover their costs. The plaintiffs appealed. The case is fully stated in the opinion.

*J. W. Alling* and *S. C. Morehouse*, for the appellants.

1. The probate court had no jurisdiction of the petition to carry the Waterproof Shoe Company into insolvency after the petitioning creditors had withdrawn it. Every suitor has a right to withdraw his action at any stage of it, before a verdict or finding in possession of the court. 1 Swift's Dig., 594; *Buckley* v. *Treadway*, 1 Root, 552; *Ormsbee* v. *Davis*, 16 Conn., 567; *West* v. *Tolland*, 25 id., 133; *Bishop* v. *Pardee*, 35 id., 4; *Anderson* v. *Gregory*, 43 id., 61; *Moriarty* v. *Mason*, 47 id., 436; *Main* v. *Main*, 48 id., 301; *Burbank* v. *Woodward*, 124 Mass., 357. The same rule applies to a petition in probate against an insolvent debtor; the creditor may consult his own interest, both in bringing the petition and in withdrawing it. The right of another creditor to intervene is given by Gen. Statutes, § 508, but can be exercised only " while proceedings therefor are pending." This power must necessarily cease upon the withdrawal of the petition. *Commercial Bank's Appeal from Probate*, 59 Conn., 25, 38. The probate court could acquire no jurisdiction by merely assuming it. *Denton* v. *Danbury*, 48 Conn., 368.

2. The writ of prohibition is the proper remedy to test the jurisdiction of an inferior court. Gen. Statutes, § 1299; High on Extr. Rem., §§ 762, 793; *Olmstead's Appeal from Probate*, 43 Conn., 110; *Sweet* v. *Hulbert*, 51 Barb., 312;

*Appo* v. *The People*, 20 N. York, 531, 540 ; *Hanger* v. *Keating*, 26 Ark., 51; *Prignitz* v. *Fischer*, 4 Minn., 366 ; *State* v. *Wilcox*, 24 id., 143 ; *Conn. River R. R. Co.* v. *County Commissioners*, 127 Mass., 50 ; *Havemeyer* v. *Superior Court*, 84 Cal., 327 ; *State* v. *Boone*, 42 Louis. Ann., 982 ; *U. States* v. *Hoffman*, 4 Wall., 158; *Mayor of London* v. *Cox*, L. R., 2 Eng. & Ir. App., 239.

3. It is contended on the other side that no appeal lies to the Supreme Court in case of a writ of prohibition, on the ground that the granting of the writ was, at common law, discretionary. This doctrine grew out of the rule that a stranger to the controversy might apply for a writ of prohibition, and on *his* application the granting of the writ was discretionary. *Mayor of London* v. *Cox, supra ; Worthington* v. *Jeffries*, L. R., 10 C. P., 379. The doctrine was never applied to a case where application was made by the party aggrieved, in which cases such party claimed the writ as matter of right. Where the facts are admitted, and the question of the final judgment is a pure question of law, there is no such doctrine in Connecticut jurisprudence, as that a discretionary power resides in the Superior Court from which there is no appeal.

*H. L. Hotchkiss* and *P. W. Chase*, for the appellees.

1. The writ of prohibition is one of the most extraordinary writs known to our practice. Great care has been exercised in its use from its origin to the present time. In England the jurisdiction by this remedy has generally been exercised only by the King's Bench, though not exclusively so. In this country the writ, like other common law remedies, is applicable, unless restricted or abolished by positive statutory law. Whatever jurisdiction the Superior Court has is given by the provisions of General Statutes, § 1299, which provides for such a writ when complaint is made " that an inferior court or tribunal exceeds its jurisdiction, or holds plea of any matter or cause whereof by law it has no cognizance, by which the complainant is aggrieved." Now manifestly under this statute it must appear that the probate

court was attempting to exceed its jurisdiction in some matter of which it had no cognizance. The subject is treated in 1 Swift's Digest, 565, where the rule is stated as follows: —" The only two grounds of prohibition are, that the court assume a power to act in matters not within their cognizance, or, where a statute has prescribed a particular mode of proceeding, that they act differently from the prescription of the act; and where a court act within the jurisdiction, though they have decided wrong, this can never be a ground of prohibition; it is a proper subject of review or appeal."· See also High on Extr. Remedies, §§ 762, 767, 798, 801; 2 Bla. Com., 112; *Grant* v. *Gould*, 2 H. Bla., 69; *Morris* v. *Lenox*, 8 Mo., 252; *Ex parte Greene*, 29 Ala., 52; *Ex parte Peterson*, 33 id., 74. The question then is not whether the probate court was about to exceed its jurisdiction by a wrong decision upon some matter before it, but whether it had jurisdiction of the subject matter itself; in other words, whether it had jurisdiction to declare a resident corporation insolvent upon an application of creditors as set forth in this complaint. The jurisdiction of the Superior Court being thus limited in the matter of writs of prohibition to cases within the terms of the statute, it must be conceded that it has no jurisdiction in any other cases.

2. The court of probate manifestly had jurisdiction over the *subject matter* under the provisions of Gen. Statutes, § 507. It appears upon the face of the complaint that all the steps necessary to give the court jurisdiction have been taken, and the present proceeding is not a proper remedy by which to make this court the conservator of the decisions of the probate court, whether erroneous or not, nor to bring the decisions of the probate court, whether erroneous or not, before this court for review.

3. It appears from the complaint, and upon the admitted allegations of the plea to the jurisdiction, that on the 4th day of November, at the time the application of Fayerweather & Ladew was assigned for a hearing, the defendant creditors had intervened, and the court of probate thereupon held that this intervention took place while the petition

was pending, and proceeded to declare said corporation insolvent. The present complainants had notice of the time assigned for the hearing, but whether they appeared to object to the same is not stated. So that, so far as any action of the court of probate is concerned to which the present complainants take exception, it had already been taken when this application was made, and nothing further remains to be done which can be prohibited by this court, excepting the appointment of a trustee, which is manifestly within the jurisdiction of the probate court.

4. The remedy of the complainants is by appeal from the decisions of the probate court, and not by resort to this extraordinary writ. Gen. Statutes, § 640. The court having declared the corporation insolvent, (which was a matter wholly between it and the petitioning creditors,) that act is beyond a writ of prohibition. What remained to be done was the appointment of a trustee. That was clearly within the jurisdiction of the court, and is not what the complaint asks to be prohibited; but in any event the applicants could appeal from such an appointment. *Commercial Bank's Appeal from Probate*, 59 Conn., 25; *Ex parte Smith*, 34 Ala., 455; *State* v. *Bowerman*, 40 Mo. App., 576; *State* v. *Heege*, 39 id., 49; *Lemon* v. *Peyton*, 64 Miss., 161; *Strouse* v. *Police Court*, 85 Cal., 49; *Aggasiz* v. *Superior Court*, 27 Pac. Rep., 49; *People* v. *Wayne Circuit Court*, 11 Mich., 393, 398; High on Extr. Rem., §§ 765, 767, 770, 781. And if a trustee was appointed on proceedings void for want of jurisdiction, no harm could be done the applicants, because such an appointment would not vacate their attachment.

5. So far as we have observed, but one application for this extraordinary writ has been made in this state which has come to this court; that is the case of *La Croix* v. *County Commissioners*, 50 Conn., 321. Most of the cases that have arisen in this country have been in the western states. The following seem to bear out the several propositions of the defendants. *Sears* v. *Terry*, 26 Conn., 273; *Clark* v. *Superior Court*, 55 Cal., 199; *More* v. *Superior Court*, 64 id., 345; *McDowell* v. *Bell*, 86 id., 615; *Powelson* v. *Lockwood*, 82 id.,

613; *Mancello* v. *Bellrude*, 11 Pac. Rep., 501; *Walcott* v. *Wells*, 24 id., 367; *County Court* v. *Boreman*, 34 W. Va., 362.

6. The granting or refusal of a writ of prohibition is a matter within the discretion of the Superior Court, and not the subject of review on appeal. A rule to show cause having been granted, the defendants appeared, and maintained that upon the facts alleged the court should not take jurisdiction and issue the writ. The court having heard the parties upon the whole case, refused to issue the writ, and vacated the rule to show cause. High on Extr. Rem., §§ 765–771, and cases cited: *State* v. *Judge, etc.*, 21 Louis. An., 123; *State* v. *Judge, etc.*, 19 id., 167. It is the counterpart of mandamus. High on Extr. Rem., § 763. And mandamus is a matter of discretion. *N. Haven & Northampton Co.* v. *The State*, 44 Conn., 376.

FENN, J. This is an application to the Superior Court in New Haven County for a writ of prohibition. The material allegations of the application are, that one of the applicants, the Goodyear India Rubber Glove Manufacturing Company, on September 3d, 1891, brought a writ of attachment against the Union Waterproof Shoe Company of New Haven, which was issued to secure a debt then justly due, and upon which writ an attachment was made; that afterwards the other applicant, Fayerweather & Ladew, filed a petition in the court of probate for the district of New Haven, praying that said Waterproof Shoe Company be adjudged insolvent and a trustee appointed; that on the filing of the petition the court of probate issued an order of notice requiring the latter company to appear and show cause to the contrary, on November 4th, 1891, at 10 o'clock in the forenoon; that on the 3d of November, 1891, no other creditor having intervened, the said Fayerweather & Ladew, in pursuance of a satisfactory arrangement between them and the attaching creditor, withdrew the petition from the court of probate, by a writing, duly signed and filed in said court, and thereupon disappeared, and said petition was no longer

pending in said court; that on said 4th day of November, 1891, the said Monson and the other defendant, Beecher, made application to the judge of said court of probate to revive the petition, so withdrawn, and to permit them to intervene therein and procure the appointment of a trustee thereunder, claiming that unless the petition was so revived said attachment would have matured, and would not be affected by voluntary proceedings in insolvency; and that thereupon the judge undertook to revive the petition, and allow such intervention, but stated that, in the absence of counsel for the applicants, he would continue the proceedings until the next day, at which time, notice having been given to said counsel in the meantime, so that they might appear and be heard in the selection of a trustee, he would appoint a trustee under the petition; and the application concludes with allegations of proposed procedure, without jurisdiction, for the sole reason of causing the attachment of one of the complainants to be dissolved, and thereby also to defeat the arrangement made between the complainants, and praying for a rule to show cause. The rule being granted and service made, the defendants appeared and pleaded to the jurisdiction, and prayed that the application be dismissed, alleging five grounds, (but the first three of which may be considered as one, and called first;) namely, that inasmuch as the insolvent was a New Haven corporation, the court of probate had jurisdiction, and that it did not appear from the application that the court was in any manner exceeding its jurisdiction, or held, or attempted to hold, plea of any matter or cause whereof by law it has no cognizance. Second; "because the matters set forth and alleged in said application, being within the jurisdiction and cognizance of said court of probate, the remedy prescribed by law for the applicants is by appeal from the order of said court declaring said corporation insolvent, and not by recourse to the extraordinary remedy of prohibition." Third; " because before the making of this application for a writ of prohibition, said court of probate had rendered judgment upon the petition to declare said corporation insolvent, and

had admitted intervening creditors as parties thereto; and had adjudged said corporation insolvent, and had appointed a time for the appointment of a trustee thereunder, and issued an order of notice thereof, which had been published."

To this plea the plaintiffs demurred, " for the reason that the matters therein alleged are insufficient under the law to justify a trial under said plea."

The Superior Court found as follows :—" The court, having heard the parties upon said pleadings, both as to the sufficiency of the facts set forth in the complaint, and as to the sufficiency of the facts alleged in the plea to the jurisdiction, holds said facts not sufficient to warrant the issuing of the writ, and finds the issue for the defendants;" and thereupon the rule was ordered discharged and the application dismissed.

The plaintiffs appealed, assigning as reasons : first, error in the judgment of the court, for the reasons stated in such judgment; second, that the court erred in considering the sufficiency of the facts alleged in the complaint, as such question was not before the court; third, in holding such facts insufficient.

The defendants in this court filed a motion to erase the appeal, alleging that the granting or refusal of a rule, on the application for a writ of prohibition, was a matter within the discretion of the Superior Court, and so is not the subject of an appeal; and that the defendants not having been required to answer, and the rule to show cause having been discharged, no such final judgment has been rendered in the Superior Court as will form the basis of an appeal to this court. This motion was not separately discussed, but was presented with the other questions in the briefs and oral arguments, so that it remains to be disposed of; and we will first consider it. And in doing so, we do not find it necessary to determine whether, under the English practice the granting of the writ of prohibition was, at common law, in all cases discretionary, or whether, when application was made by the party aggrieved, the writ was to such party a matter of right, or to decide in what cases, by such practice,

a writ of error lay, because we agree throughout with the position taken by the defendants upon the other branches of the case, that whatever jurisdiction the Superior Court or a judge thereof has, in this state, in reference to the matter, is given by the provisions of section 1299 of the Gen. Statutes, by which it appears that when a rule to show cause is granted, if the party defendant shall appear, "he may plead any proper matter of defence, and said court or judge may examine and decide upon the truth, as well as the sufficiency, of the facts arising in the cause; and if they find sufficient ground, *shall* issue a writ of prohibition; * * * but if no sufficient reason appear for granting a writ of prohibition, costs shall be taxed in favor of the party complained of." It would seem, therefore, manifest that the granting or refusal of the writ is dependent upon the truth and sufficiency of the facts arising in the cause, and not upon the discretion of the court or judge; and that by "sufficient ground" and "sufficient reason," a legal sufficiency in the facts averred and found must be understood. The finding of facts, though not reviewable, is not an exercise of discretion. Nothing can be said to be true or false, proved or disproved, in the discretion of a court. And the legal sufficiency of facts averred or facts found is to be tested by fixed principles of law, and is not the subject of discretion. In this case the Superior Court did not assume or undertake to exercise any discretionary power. It discharged the rule and dismissed the application solely because, upon a plea to the jurisdiction, it held that it had none; that the facts averred were insufficient in law to confer it. To speak of this as an exercise of discretion, if full discretionary power existed, would be absurd. In *Thompsonville Scale Manufacturing Company* v. *Osgood*, 26 Conn., 17, this court, in speaking of the exceptionally discretionary remedy of the writ of injunction, said :—" We do not sanction the idea that because an injunction may, as a mere remedy, be granted at the discretion of the subordinate tribunal, after an equitable case has been made out, the exercise of this important power may not be supervised by this court when no such

case is shown." If, in matters of injunction, it is the province of this court to determine whether an equitable case has been made out on which the court below might or might not in its discretion issue an injunction, surely in matters of prohibition it ought to have certainly an equal province, to determine whether the facts arising in the case were sufficient to warrant the issuing of the writ; whether jurisdiction to issue it existed; and when that is determined affirmatively, such issuance is not a matter of favor, or of discretion, but of right.

As to the remaining ground of the motion to erase, that a judgment dismissing the plaintiff's application, with costs to the defendants, is a final one, from which an appeal lies to this court, under section 1129 of General Statutes, cannot be doubted. It is a judgment that "puts an end to the suit," (*Treadway* v. *Coe*, 21 Conn., 284; *O'Sullivan* v. *Overton*, 56 id., 102;) and that is the meaning of final, like a plea in abatement when judgment is for the defendant. The motion to erase must be denied.

Coming, then, to the consideration of the questions presented by the record, it seems to us that it will be unnecessary to determine the perhaps somewhat technical claim raised by the plaintiffs' reasons of appeal, that the Superior Court erred in considering the sufficiency of the facts alleged in the complaint, as such question was not before the court. The defendants' plea to the jurisdiction, as we have seen, contained certain grounds which were in the nature of a special demurrer to the complaint, which tested its legal sufficiency, and also a further ground in which the action already taken by the court of probate was stated. To this plea, as a whole, the plaintiffs demurred, and the court states that the parties were heard upon the pleadings as to the sufficiency of the facts both in the complaint and in the plea. Although the pleading is somewhat peculiar, we need only say that if all the entire averments of fact, in both complaint and plea, taken together, constituting one consistent statement, were, as the court below finds in its con-

clusion, "not sufficient to warrant the issuing of the writ," we should not feel called upon to disturb the judgment.

We will therefore come directly to the question as to the sufficiency of the facts. And we will consider it, in the order in which, as we have seen, it is presented in the defendants' plea to the jurisdiction of the Superior Court. And in doing so we agree with the defendants, that the writ prayed for is an extraordinary one, and that great care has been exercised in its use from its origin to the present time, and that great care should be exercised in such use now and hereafter. We agree also that the only cases in which such writ is applicable in this state, are those provided by General Statutes, § 1299; namely:—"when an inferior court or tribunal exceeds its jurisdiction, or holds plea of any matter or cause whereof by law it has no cognizance, by which the complainant is aggrieved." Also, that the law of this jurisdiction is correctly stated in 1 Swift's Digest, side page 565, as follows:—" The only two grounds of prohibition are, that the court assumes a power to act in matters not within its cognizance, or, where the statute has prescribed a particular mode of proceeding, that it acts differently from the prescription of the act; and where a court acts within the jurisdiction, though it has decided wrong, this can never be a ground of prohibition; it is a proper subject of review or appeal." And so we reach the first consideration—did the court of probate, upon the facts stated in the complaint, have jurisdiction of the subject matter, namely, the declaration of the corporation to be insolvent, upon the application of the defendants. The jurisdiction of courts of probate "is limited and special." *Sears* v. *Terry*, 26 Conn., 286. They have no powers except those expressly or by implication conferred by statute. The jurisdiction which the court of probate for the district of New Haven had in this matter, if any, was derived from the provisions of sections 507 and 508 of the General Statutes. It appears upon the face of the complaint that all the steps necessary to give the court of probate jurisdiction under section 507 were taken, upon the petition of the plaintiffs,

Fayerweather & Ladew, and if such proceedings were pending in said court on November 4th, 1891, or could lawfully, by the action of the court, be revived, so as to permit the defendants on that day to intervene, then the court had jurisdiction, otherwise it did not.   For if the former proceedings were absolutely at an end and defunct, the fact that they once had an existence can have no import, and no consideration of them can tend to any result except to mislead. Under section 508, while such proceedings for the appointment of a trustee are pending, creditors may move to be made parties thereto, and thereafter the original creditor is not allowed to discontinue without the consent of the intervening ones.   The statute carries the plain implication that what the original creditor cannot do after the intervention, because forbidden, he may do at any time previously, when no such bar exists; and also the implication that only when pending could the proceedings be discontinued; and that, when discontinued, they would be no longer pending. So also, returning to section 507, we find that only on failure of the debtor to satisfy or secure the claim of the petitioning creditor, shall the court decree such debtor insolvent and appoint a trustee; showing, we think, decisively, that until some intervention of other parties is sought, the pending petition is, in contemplation of law, a matter exclusively between the petitioning creditor and the debtor; and that this is so this court has expressly held in *Commercial Bank's Appeal from Probate*, 59 Conn., 25, 37, 38.   Why, then, are not the allegations of the plaintiffs' complaint, that on the 3d day of November, 1891, no other creditor having intervened, the plaintiffs withdrew the petition, by a writing duly signed and filed in the court of probate, and thereupon disappeared from the court, and said petition was no longer pending therein, sufficient to show that on said 4th day of November the court of probate was without jurisdiction?   In our opinion they are sufficient.   There is no reason why the right to withdraw an action, in the absence of statutory provision to the contrary, should not exist in a court of probate as fully as in other courts, where the exis-

tence of such right has often been affirmed. *Buckley* v. *Treadway*, 1 Root, 552; *West* v. *Tolland*, 25 Conn., 133; *Anderson* v. *Gregory*, 43 id., 61, 63; *Moriarty* v. *Mason*, 47 id., 436; *Main* v. *Main*, 48 id., 301.

But it is further contended in the plea to the jurisdiction, that the remedy prescribed by law for the plaintiffs is by appeal from the order of the court of probate declaring said corporation insolvent, and not by recourse to the extraordinary remedy of a writ of prohibition. But it was expressly held by this court in *Commercial Bank's Appeal from Probate, supra*, that such decree, being wholly a matter between the petitioner and the debtor, the attaching creditor had no right to appeal from it.

The grounds of such decision are given at considerable length and need not be here repeated. That the petitioning creditor, who is in this case one of the plaintiffs, could not appeal, is not held. But that is immaterial, since, having previously withdrawn their petition, they were on the 4th day of November, 1891, only one of the general creditors, if indeed they remained creditors at all, after the satisfactory arrangement which the complaint alleges was made with them by the attaching creditor. It is true that instead of what the defendants assign in their plea as the plaintiffs' remedy, an appeal from the order declaring the corporation insolvent, the plaintiffs might have appealed from the order appointing a trustee, and under the authority of *Olmstead's Appeal from Probate*, 43 Conn., 110, although the fact that the court of probate had no jurisdiction to pass the former order, and therefore any order in the premises would not have constituted a valid ground of appeal, it might perhaps, when brought to the attention of the Superior Court, be held as a suggestion to that court of its own want of jurisdiction, and then the Superior Court, having no jurisdiction, could only dismiss the case. What effect such a dismissal would have upon a decree of a court of probate, which an appeal does not vacate, would seem to be quite another thing, however, from what this court, in the case cited, held that it did have upon an appeal from commissioners, which such an appeal

does vacate, and we fear that such proceedings would furnish very little relief to the appellant. As the court said in that case—" Why appeal from a decision which is no decision, but a mere nullity, and especially why appeal to a court that has no jurisdiction to right the wrong complained of, whether fancied or real. If it be true, as the appellant alleges, that the Superior Court had no jurisdiction, so far from constituting a reason for an appeal to it, it constitutes a conclusive reason why an appeal should not be so taken."

But it was further argued, as we have seen, that the action of the court of probate upon the matter complained of, and to prohibit which the writ is asked, had already been taken, and that in no event has the Superior Court any jurisdiction to grant a writ to prohibit the past action of any court. It is, indeed, true that the writ will not be granted to prohibit past and completed action. It is also true that the admitted allegations show that the declaration of insolvency, upon intervention, has been made and the acts preliminary to the appointment of a trustee have been done; but not only have the plaintiffs been guilty of no laches, having brought the proceedings as soon as practicable, but the very order, the passage of which could alone furnish a foundation for proceedings against them, has not been reached. Until a trustee is appointed who can demand and institute a suit for the recovery of the property claimed to be held by them by virtue of their attachment, they are uninjured. If the proceedings terminate where they now are, the court of probate, so far from having disposed of the case, has only assumed jurisdiction of it to such an extent as to render the application for the writ not premature and on that ground to be refused. "The writ of prohibition checks further proceedings and quashes what has been done without jurisdiction." *Havemeyer* v. *Superior Court*, 84 Cal., 327. See also *State ex rel. Boyet* v. *Boone*, 42 Louis. Ann., 982.

It is also argued by the defendants in their brief, although not assigned in their plea to the jurisdiction, that if a trustee was appointed on proceedings void for want of jurisdiction, no harm could be done the plaintiffs, because such an ap-

pointment would not vacate their attachment. Undoubtedly it would not, but it does not follow that harm would not result to them, and we think it would in many ways, and while we have not, as we have before intimated in this opinion, any wish or intention to give to the statute in relation to prohibition such a liberal construction as will render this writ a common and familiar mode of procedure, it nevertheless seems to us the fit and appropriate remedy in the present case.

There is error in the judgment complained of.

In this opinion the other judges concurred.