State ex rel. Parks v. Ryan, 24 N. M. 176.

---

[No. 2255, June 7, 1918.]
STATE ex rel. PARKS et al. v. RYAN, Dist. Judge, et al.

SYLLABUS BY THE COURT.

1. The writ of prohibition is not a writ of right, granted ex debito justitiæ, but rather one of the sound judicial discretion, to be granted or withheld according to the circumstances of each particular case, to be used with great caution for the furtherance of justice when none of the ordinary remedies provided by law are applicable.          P. 178

2. An alternative writ of prohibition against a district judge and a sheriff requiring them to refrain from proceeding

State ex rel. Parks v. Ryan, 24 N. M. 176.

to take relators from the county jail to the state penitentiary, pending their appeal to the Supreme Court, on the ground that the county jail was not a safe place of detention, would not lie; the relators having an adequate remedy by application for habeas corpus.                                        P. 179

3. Prohibition is a preventive rather than a curative remedy, and issues only to prevent a commission of a future act, and not to undo an act already performed.          P. 179

4. Prohibition will not lie unless the exercise of the power sought to be restrained will result in injury for which no other adequate remedy exists.                              P. 179

Application by the State of New Mexico on relation of Charlie Parks and John Parks, for an alternative writ of prohibition against Raymond R. Ryan, District Judge, and W. F. Shriver, Sheriff of Grant County. Application denied.

H. D. Terrell and K. K. Scott, both of Silver City, for petitioners.

C. A. Hatch, Assistant Attorney General, for respondents.

## OPINION OF THE COURT.

HANNA, C. J. This is an application for an alternative writ of prohibition against the district court of the Sixth judicial district and the sheriff of Grant county, N. M., commanding each of them to desist and refrain from any further proceeding in the matter of the taking, transferring, and transporting Charlie Parks and John Parks from the jail of the county of Grant to the state penitentiary at Santa Fe, N. M., pending the appeal of the said parties to the Supreme Court from the judgment of the district court of Grant county in cause No. 7017 of the district court of said county; wherein the said Charlie Parks and John Parks were found guilty of murder in the second degree and sen-

tenced to terms of not less than 90 nor more than 99 years in the state penitentiary.

It appears from the affidavit in support of the application for the alternative writ of prohibition that the district judge of the Sixth judicial district has' made an order, on the 29th day of May, 1918, reciting that the county jail of Grant county is not a safe place in which to detain said defendants during the pendency of their appeal to the Supreme Court, and that they are therefore committed to the state penitentiary at Santa Fe for safe keeping.

The only ground alleged in the application for the writ is that the respondents have no jurisdiction to proceed in the matter of transfer of the said defendants from the county jail to the state penitentiary, and that they are attempting to exercise an authority which they do not possess.

[1]    This court held in the case of State ex rel, Harvey v. Medler, District Judge, 19 N. M. 252, 142 Pac. 376, that:

"The writ of prohibition is not a writ of right granted ex debito justitiae, but rather one of the sound judicial discretion, to be granted or withheld according to the circumstances of each particular case, to be used with great caution for the furtherance of justice when none of the ordinary remedies provided by law are applicable."

As pointed out by Mr. High in his work on Extraordinary Legal Remedies (3d Ed.) § 764A:

"Three conditions are necessary to warrant the granting of the relief: First, that the court, officer or person against whom it is sought is about to exercise judicial or quasi judicial power; second, that the exercise of such power is unauthorized by law; third, that it will result in injury for which no other adequate remedy exists."

The author further states in the following section (section 765):

"And to warrant the relief the petition must clearly show that an inferior court is about to proceed in a matter

over which it has no jurisdiction, and unless this is distinctly and affirmatively shown the relief will not be granted."

With these principles in mind, it seems clear to us that the petition does not disclose any grounds for moving our discretion in the premises. The action of the district court in the Sixth judicial district is in conformity with the practice of the district judges of this jurisdiction for many years and the right of the district judge to commit convicted persons to the state penitentiary for safekeeping, so far as we are aware, has never been questioned until this application was filed in this court.

[2-4] The order of the district court recites that the county jail is not a safe place in which to detain the said defendants during the pendency of their appeal, and in our opinion it is not a question of the appeal superseding the judgment of the district court, but solely a question of providing for the safe custody of the defendants. This clearly appears to be what the district court attempted to do. Furthermore, so far as the order of the trial court is concerned, it is apparent that this order has already been made, and the jurisdiction of the district court has therefore been exercised. As Mr. High, in his work on Extraordinary Legal Remedies, at section 766, points out:

"Another distinguishing feature of the writ is that it is a preventive rather than a corrective remedy, and it issues only to prevent the commission of a future act, and not to undo an act already performed."

The third condition necessary to warranting the granting of a relief, as set out by Mr. High in section 764A, is that the exercise of the power will result in injury for which no other adequate remedy exists.

In this connection it is our opinion that there is another adequate remedy, by an application for the writ of habeaas corpus, available to the defendants. The existence of this remedy we believe, in itself, would be

sufficient to justify our holding that an insufficient show-
ing has been made to move our discretion in the matter.

For the reasons stated, the application for the alter-
native writ is denied.

PARKER and ROBERTS, J.J., concur.