[No. 3012.   Nov. 24, 1924]

STATE ex rel. DELGADO, Sheriff of San Miguel
County, v. LEAHY, District Judge.

### SYLLABUS BY THE COURT

1.   Under the provisions of section 1860, Code 1915, the
district court has power to determine when the district at-
torney is disqualified to act in a given case.

2.   Under the provisions of chapter 80, Code 1915, a cita-
tion or order to an officer to show cause why he should not
be suspended from office until final determination of a re-
movel proceeding, is necessary before the court has power to
proceed to hear the matter.

3.   When anything remains to be done to give effect to a
judgment of a court in a matter beyond its jurisdiction, the
writ of prohibition is available, not only to prevent such
further action, but also to undo what has already been done,
if the same is necessary to render the writ effective.

Original application by the State, on the relation
of Lorenzo Delgado, sheriff of San Miguel County,
against D. J. Leahy, Judge of the District Court of
the Fourth Judicial District within and for San
Miguel County. Peremptory writ granted.

Hanna & Wilson, of Albuquerque, for relator.

O. O. Askren, of East Las Vegas, for respondent.

### OPINION OF THE COURT.

PARKER, C. J.   An alternative writ of prohi-
bition issued herein, returnable on November 10, 1924.
The writ was issued upon a petition setting up the
following facts:

On October 25, 1924, there was filed in the dis-
trict court of San Miguel county, by Thomas V.
Truder, assistant district attorney, an accusation
charging relator with misconduct in office, and pray-
ing that relator be removed from the office of sheriff
of said county. On October 25, 1924, Luis E. Armijo,
district attorney for said county, filed in said court
a written nolle prosequi of said accusation, and a re-
quest to dismiss the same, which request the court
afterwards denied. Upon the return day relator filed

his answer, denying the truth of each and every allegation of the accusation. After the court refused to dismiss the charge upon motion of the district attorney, relator objected to the court proceeding to hear the cause on the merits, either for his removal or suspension from office; as to the former, because no citation had been issued to relator requiring him to show cause why he should not be suspended from office pending final hearing of the cause for removal. Notwithstanding said objection of relator, the court proceeded to hear evidence touching the truth of the facts alleged in the accusation. The court took the matter under advisement until October 31, 1924, at which time the motion of the district attorney was formally overruled, an order suspending relator from office entered, an order appointing Henry Cifre to serve as sheriff, pending the final hearing on the accusation, and an order on relator to turn over all moneys, books, papers, and property belonging · to his office to the said Cifre, were made.

Prior to the filing of the motion by the district attorney to dismiss the proceeding, the court had entered an order disqualifying him to act as such officer in the case, and to represent the state, appointing Thomas V. Truder, O. O. Askren, and William G. Hayden, members of the bar, to represent the state, and prosecute the accusation. Some other facts are brought into the case by the return of respondent, in which it is asserted, and not denied, that, prior to the application for an issuance of the alternative writ, the court having appointed Henry Cifre sheriff, and having required him to execute a bond, he had executed the same and the same had been approved by the court, and oath of office had been filed by said Cifre. It further appears from a stipulation on file by the parties that, on the same day Cifre was appointed, filed his bond and oath of office, he demanded and received from the jailers and deputies of relator the possession of the jail and prisoners of the county; that at this time relator was absent from the county, and in no way participated in such surrender, and

upon his return to the county he demanded the surrender of such jail and prisoners, which was refused; that all times relator has refused to obey said order of suspension, and has claimed to be the sheriff of the county; that no demand has been made on relator by said Cifre for the surrender of said office; and that he has possession of the office room of the sheriff in the courthouse, although said Cifre also has keys to the same, obtained when he was deputy under a former sheriff. Respondent demurred to the petition for the writ on the ground that the same failed to point out the further acts about to be performed by the court, and which should be prohibited, which demurrer was overruled. The return was then filed.

Relator filed a demurrer to the return, based upon the proposition that it shows that no citation had been served upon relator to show cause why he should not be suspended, and that consequently the court had no jurisdiction to make the order. Some other general grounds are stated in the demurrer, which are deemed sufficient to raise all of the questions presented. Subsequent to the argument, at the suggestion of the court, the stipulation of facts was filed, so that the court could at once determine the whole case.

[1] 1. At the threshold of the inquiry there is presented the question as to the power of the court to disqualify the district attorney. The matter seems to be controlled by section 1860, Code of 1915, which provides that the district attorney shall represent the state "except in cases * * * where the district attorney or his assistant may for some reason be disqualified or refuse to prosecute, in which case the court shall appoint a competent person to represent the county or state, who shall receive the fees herein provided."

This section gives the court power to appoint suitable and competent persons to represent the state when the district attorney is disqualified. This necessarily implies the power in the court to determine when the

district attorney is in fact disqualified, as was done in this case, and we see no reason to question his action.

This conclusion renders it unnecessary to consider the effect of the motion of the district attorney to dismiss the proceeding, as he had been disqualified by the court, and as other attorneys had been appointed to represent the state. He could no longer act in the premises, and his motion was of no avail.

[**2**] 2. As before seen, the citation served upon relator required him, simply, to answer the accusation. It contained no notice or intimation that any hearing would be had looking to his suspension from office pending a final hearing of the removal proceeding. Notwithstanding this fact, the court, over objection of relator, proceeded to hear evidence, and made the order of suspension, and appointed Cifre to act as sheriff. Herein lies the error in the whole proceeding.

The law governing the matter is contained in chapter 80, Code of 1915. This statute provides three methods of procedure. Section 3957, Code of 1915, provides for the presentment of the accusation by a grand jury, in which case notice must be served on the officer to come in and answer (section 3959), and, upon the filing of the answer, the cause stands for trial by jury (section 3966.) The accusation may be presented by the district attorney, in case there will be no grand jury in attendance for 20 days, as was done in this case. In such a case, citation is to be issued (section 3973), and thereafter the case shall proceed as if the accusation had been filed by the grand jury. Suspension from office, pending final hearing for removal, is, however, an entirely different matter. Section 3974, Code of 1915, provides that where the accusation has been presented by the district attorney, and where citation has been issued as provided by section 3973, Code of 1915:

"The court, if it deems such action necessary, after ordering a citation to the defendant as provided in the next pre-

ceding section, may, on application of the district attorney, also order the defendant to appear at a time not less than 5 or more than 15 days after service of such order and at such place as may be mentioned in the order, to show cause why he should not be suspended from office until the matters and things alleged in the accusation have been judicially determined under the provisions of this chapter."

The section clearly points out that the proceeding for removal and that for suspension are separate and distinct, and each requires its own citation as a basis for jurisdiction, although the latter is auxiliary to the former. In the former, the answer of the officer raises an issue which is to be presented to a jury, while in the latter the officer is required to show cause before the judge why he should not be suspended.

We have had occasion to examine this statute with a view of determining its character and effect. In State v. Medler, 17 N. M. 644, 131 P. 976, Ann. Cas. 1915B, 1141, the act was examined, and it was held that, while the proceeding was in its nature civil, many if not all, of the safeguards thrown around a citizen by the rules of the criminal law were ingrafted upon the proceeding, and must be observed. While the judgment in such cases is not punishment for crime, the consquences to the officer are highly penal in character, and he should be protected against loose and irregular procedure. Among those safeguards are notice and opportunity to be heard upon a proceeding which is authorized by the terms of the statute. Without this citation there is no proceeding pending, and the court has no jurisdiction to proceed with the inquiry, nor of the person of the officer. This is the situation in regard to this suspension proceeding, and the judgment must be held to be void.

[3] 3. The question as to the availability of the remedy by prohibition remains for consideration. It is to be remembered in this connection, that, at the time of the application for said writ, the relator had been suspended; Cifre had been appointed to serve as sheriff pending final hearing on the removal proceeding, he had filed oath of office and bond, which

bond had been approved by the court. The facts of the filing of the oath of office, and the filing and approval of the bond, were not before us when we issued the alternative writ, but were brought in by the return. The appointee of the court, Cifre, has partial possession of the office, the jail and prisoners, but not complete possession, as the relator still resists the order, and keeps possession of the office room of the sheriff in the courthouse, and possession of the paraphernalia of the office. Has the matter so far proceeded, then, as to render unavailable the remedy by prohibition? It is universally recognized as the general rule that prohibition is a preventive rather than a corrective remedy, and it issues only to prevent a further act and not to undo an act already performed. High, Extraordinary Legal Remedies (3d Ed.) § 766; State v. Ryan, District Judge, 24 N. M. 176, 173 P. 858:

"But when anything still remains to be done to or is contemplated to give effect to the judgment of the court in a matter beyond its jurisdiction, the writ may be granted to prevent such action. And in such cases the writ may not only prevent further action, but may undo what has already been done." High, Extraordinary Legal Remedies, § 766.

Upon the subject of the power in prohibition proceedings to undo what has been done, see 22 R. C. L. Prohibition, § 7; State v. Superior Court, 40 Wash. 555, 82 P. 877, 2 L. R. A. (N. S.) 395, 111 Am. St. Rep. 925, and extensive note at 929; Havenmeyer v. Superior Court, 84 Cal. 327, 24 P. 121, 10 L. R. A. 627, 18 Am. St. Rep. 192; People v. District Court, 33 Colo. 293, 80 P. 908; State v. Rombauer, 105 Mo. 103, 16 S. W. 695; People v. District Court, 28 Colo. 161, 63 P. 321; State v. Aloe, 152 Mo. 466, 54 S. W. 494, 47 L. R. A. 393; St. Louis, K. & S. R. Co. v. Wear, Judge, 135 Mo. 230, 36 S. W. 357, 658, 33 L. R. A. 341; Fayerweather v. Monson, 61 Conn. 431, 23 A. 878; State v. Superior Court, 12 Wash. 677, 42 P. 123; People v. District Court, 23 Colo. 466, 48 P. 500; State v. St. Louis Court of Appeals, 97 Mo. 276, 10 S. W. 874. An examination of these cases

will show that the remedial character of a writ of prohibition is not confined merely to preventive measures, but where something remains to be done, and where it is necessary in order to effectuate the object of the writ, that which has already been done may be undone.

In this case relator has not surrendered his office. He still holds and claims to exercise the functions of the office, and is in possession of the paraphernalia thereof, and has demanded the return of the possession of the jail and prisoners. In order to effectuate the order of suspension and the order to turn over to the appointee, further action of the court is required. Such action has been stayed by the writ. In order, however, to render the writ efectual, what has been done must be undone; otherwise the whole controversy remains undetermined, and the vexatious condition to two sheriffs, both claiming office, remains to harass and disturb the public interests. Under such circumstances, the order of suspension and the order appointing Cifre should be vacated.

In this connection, we dsire to say that the judgment of this court in no way interferes with such action as may be regularly taken before the district court looking to the removal or suspension of relator, should such action be taken.

It follows from all of the foregoing that the order suspending the relator, and the order appointing Henry Cifre as sheriff and approving his bond, should be vacated and set aside by the respondent, and the writ should be made peremptory accordingly; and it is so ordered.

BOTTS and FORT, JJ., concur.