## ROYAL W. PINNEY
*vs.*
## THE COURT OF PROBATE FOR THE DISTRICT OF DERBY ET ALS.

Superior Court    New Haven County    File No.

MEMORANDUM FILED FEBRUARY 8, 1944.

Harry P. Lander, of New Haven, for the Petitioner.

David M. Reilly, of New Haven, and Harold E. Drew, of Derby, for the Respondents.

O'SULLIVAN, J.  This matter comes before the Superior Court as the result of a rule to show cause why a writ of prohibition should not issue to prevent further proceedings in

the Probate Court for the District of Derby as they concern one Royal W. Pinney, M.D.

It appears that Mary E. Baker, claiming to be a relative of Dr. Pinney, made application for the appointment of a conservator on the ground that the doctor was incapable of managing his affairs. The Probate Court entered an order setting a time and place for a hearing on the application and citing the doctor to appear. The order further provided that a true and attested copy of the application, order and citation be left with the doctor and also with several other named persons, of whom one was described as "Peter J. McIntyre, Supt. Department of Welfare, Derby, Conn." The return of the officer who made service recites, among other things, that he "left a true and attested copy of the said application, order and citation in the hands of Peter J. McIntyre, Superintendent of the Department of Welfare, Derby Connecticut." It further appears that McIntyre's official title is "Commissioner of Charities", and in receiving the papers tendered to him by the officer, he accepted them as Commissioner of Charities.

At the hearing subsequently held, the Probate Court concluded that the doctor was incapable of managing his affairs and appointed a conservator of his person and property. The problem presented by the rule to show cause is not concerned with the wisdom of the Probate Court's conclusions. The only point to be determined now is whether or not the Probate Court had such jurisdiction as would permit it to reach any conclusion at all.

All the parties are agreed, I take it, that a writ of prohibition is the appropriate legal machinery to be set in motion whenever a court proceeds to act without having jurisdiction. *Fayerweather vs. Monson,* 61 Conn. 431. I cannot agree, however, that the Probate Court failed to acquire jurisdiction. That there was a misnomer of the city official was, at most, a defect in procedure. *Murdoch vs. Murdoch,* 81 Conn. 681, 688. This was a mere irregularity whose effect was dissipated by McIntyre's accepting the service in his true capacity.

It must not be overlooked that the citation was directed to Dr. Pinney and was proper in form. The purpose of serving a city official is not to summon him, but, because of the possible financial burden that an incapable may shoulder on a municipality, to give notice of the pending application and thus, to

put it on its guard. In other words, the notice to the official is not for the benefit of the alleged incapable person but solely for the benefit of the city, which may or may not appear before the court, as it wishes.

I can reach no other conclusion than that the Probate Court had the necessary jurisdiction to proceed as it did. Accordingly, the rule is dismissed.