354 P.2d 145

### STATE of New Mexico ex rel. Thornton DAVIS and Edith Fanning, Petitioners,

v.

### DISTRICT COURT OF THE FIFTH JUDICIAL DISTRICT of the State of New Mexico, WITHIN AND FOR LEA COUNTY, New Mexico, and the Honorable John R. Brand, District Judge of the Fifth Judicial District of the State of New Mexico in and for Lea County, New Mexico, Respondents.

No. 6748.

Supreme Court of New Mexico.

July 15, 1960.

Hanners & Norton, Lovington, for petitioners.

Neal & Neal, Hobbs, for respondents.

CHAVEZ, Justice.

This is an action in prohibition wherein relators seek to invoke this court's original jurisdiction for a writ of prohibition to prohibit John R. Brand, district judge of the fifth judicial district court, from proceeding any further in a cause in eminent domain.

The essential facts are as follows. Plaintiff, New Mexico Public Service Company, hereinafter referred to as "Service Company," an electric utility, filed condemnation proceedings to condemn a certain easement on lands belonging to defendants, relators herein. Notice was made, relators were served, and a hearing held wherein both parties appeared in person and by their respective counsel. The commissioners appointed by the trial court on March 31, 1954, assessed damages in the sum of $1,000.

Service Company, on the same day, filed exceptions to said report, requesting a new appraisal and prayed for an order of entry. On April 3, 1954, Service Company was granted the right of immediate entry for the purpose of taking possession of said easement, upon filing bond in the sum of $1,000. This order was approved by counsel for both parties. The first appraisal was set aside and new commissioners were appointed. On April 3, 1954, Service Company filed its bond in the sum of $1,000. On June 15, 1954, the new commissioners filed their report, assessing damages in the sum of $250. On May 10, 1957, the clerk of the court wrote relators enclosing check for $250, payment by Service Company for the damages assessed. Said letter shows that a carbon copy thereof was mailed to the attorneys for both parties. On March 26, 1960, relators filed motion for dismissal with prejudice, due to Service Company's failure to bring the proceedings to their final determination. On April 2, 1960, the district judge denied the motion for dismissal. On the same day, Service Company filed a motion for confirmation of the report of the second commissioners, and on that date the district judge granted Service Company's motion confirming the report of the second commissioners, finding that the commissioners had filed their report, that the damages assessed therein had been paid into court, and that the time had expired for the filing of exceptions thereto. The re-

lators then filed their petition in prohibition and this court issued the alternative writ.

Relators contend that the cause should be dismissed with prejudice for failure to bring the condemnation proceedings to a final determination for a period of at least two years after the filing of such action. They rely upon Rule 21–1–1(41) (e), N.M. S.A., 1953. Relators also contend that in condemnation proceedings, the title to an easement vests in the condemnor only upon confirmation and judgment, and that any entry prior thereto is conditional subject to subsequent determination of its rights to continue possession.

Service Company contends: (1) That by filing its bond to secure the damages suffered by the condemnee, or by paying into court the amount of the damages assessed, all necessary action was completed as to the acquisition of an easement by condemnation; and (2) that a writ of prohibition will not lie as against an inferior court to afford relief from orders already entered.

■ We must first decide whether this is a proper case in prohibition. The trial court had jurisdiction, both of the parties and of the subject matter, and the actions of the district judge in confirming the report of the second commissioners did not represent the exercise of an excess of jurisdiction. State ex rel. Transcontinental Bus Service v. Carmody, 53 N.M. 367, 208 P.2d 1073. The district judge entered its

orders which are appealable and to hold as relators argue would in effect substitute the extraordinary writ of prohibition for the remedy by appeal. State ex rel. Oil Conservation Commission v. Brand, 65 N.M. 384, 338 P.2d 113. Also, if relators' contention is sustained, the writ of prohibition will not only set aside the order confirming the report of the commissioners, but will also set aside the order of the district judge of June 15, 1954, granting possession of the easement to Service Company upon the filing of a bond, and the order dated March 23, 1954, condemning the easement to Service Company. All this, notwithstanding the fact that relators failed to file written exceptions within thirty days after the filing of such report in the clerk's office as provided in § 22–9–6, N.M.S.A., 1953.

We do not believe that this is a proper case in prohibition. Prohibition is a preventive rather than a corrective remedy, and it issues only to prevent a further act and not to undo an act already performed. State ex rel. Delgado v. Leahy, 30 N.M. 221, 231 P. 197; State ex rel. Parks v. Ryan, 24 N.M. 176, 173 P. 858. Compare State ex rel. City of Albuquerque v. Johnson, 45 N.M. 480, 116 P.2d 1021.

Our statute, § 22–9–6, supra, gives the district judge extensive power over the report of the commissioners in condemnation proceedings, and the court may not only review the report of the commissioners upon written exceptions filed, but is authorized to make such orders as right and justice may require. And, notwithstanding such exceptions, and even if the district judge orders a new appraisal, a utility company may proceed to erect said telegraph lines and any subsequent proceedings shall only affect the amount of the compensation to be allowed. Relators did not file written exceptions to the second commissioners' report. It is not the office or purpose of prohibition to vacate orders already entered.

Our disposition of this case makes it unnecessary to consider the points raised by relators.

The alternative writ heretofore issued will be quashed and the writ of prohibition denied. It is so ordered.

COMPTON, CARMODY, and MOISE, JJ., concur.

McGHEE, C. J., not participating.