366 P.2d 143

STATE of New Mexico ex rel. STATE TAX COMMISSION, Petitioner,

v.

FIRST JUDICIAL DISTRICT COURT of the State of New Mexico; and The Hon. Samuel Z. Montoya and James M. Scarborough, as Judges thereof, Respondents,

Mountain States Telephone and Telegraph Company, Real Party in Interest.

No. 7054.

Supreme Court of New Mexico.

Nov. 6, 1961.

from certifying said assessments to the County Assessors of the State of New Mexico, or any of them, until the final determination of this cause, in this Court, or if appealed pursuant to statute, in the Supreme Court."

Petitioner immediately sought and was granted an alternative writ of prohibition to restrain the respondents from interfering with the petitioner's duty of certifying the tax valuations of Mountain States to the various county assessors of the state.

Adolf J. Krehbiel, Sp. Asst. Atty. Gen., for petitioner.

Bigbee & Stephenson, Santa Fe, Akolt, Turnquist, Shepherd & Dick, Denver, Colo., for respondents and real party in interest.

CARMODY, Justice.

Mountain States Telephone and Telegraph Company filed an appeal to the First Judicial District Court of Santa Fe County, from the valuation, for tax purposes, of its property fixed by the petitioner. An order allowing the appeal was signed by a judge designated by the chief justice of the supreme court, by reason of the fact that neither of the resident judges were at that time available. The order, in addition to granting the appeal, also provided as follows:

"It is further ordered that Defendants-Appellees refrain from any further action in said matter and refrain

We must first determine if prohibition in its usual sense is a proper remedy. It is quite apparent that petitioner seeks to undo an act already performed, not to prevent a further act. Thus, petitioner seeks to correct, not to prevent, and this is not the purpose of prohibition. See, State ex rel. Parks v. Ryan, 1918, 24 N.M. 176, 173 P. 858; and State ex rel. Davis v. District Court of Fifth Judicial District, 1960, 67 N.M. 215, 354 P.2d 145. A seeming exception to the rule, as stated in State ex rel. Delgado v. Leahy, 1924, 30 N.M. 221, 231 P. 197, 199, " * * * where something remains to be done, and where it is necessary in order to effectuate the object of the writ, that which has already been done may be undone" is not applicable to the facts of this case. Therefore, we hold that prohibition is not proper.

However, this is a matter of primary public interest and affects the very

foundations of our state government. It is an interference with the processes of taxation. The courts will not ordinarily intervene in such matters, absent a clear mandate from the legislature. See, State ex rel. Lynch v. District Court of McKinley County, 1937, 41 N.M. 658, 73 P.2d 333, 113 A.L.R. 746; and In re Blatt, 1937, 41 N.M. 269, 67 P.2d 293, 110 A.L.R. 656. Is there such a mandate here, warranting a stay or injunction? We believe not. Therefore, we would be derelict in our duty if we did not view the proceedings before us in the light of whether we should exercise our right of superintending control over the district courts. See, N.M.Const. art. 6, § 3; and 112 A.L.R. 1370.

Very briefly, the ad valorem taxing process as determined by the legislature provides that the various county assessors place valuations on all taxable property in their respective counties, with the exception of certain corporations, which are to be valued by the petitioner. Mountain States Telephone and Telegraph falls within this latter classification. After corporate valuations are fixed by the petitioner, it then certifies them proportionately to the various counties in which the property is located, and at that time the assessors complete the tax rolls and compute the levy of taxes. It is to be noted that until the corporate valuations are in the hands of the assessors, the tax rolls cannot be fully completed, and, in addition, inability to be able to place on the tax rolls the assessment values of a large corporation, such as Mountain States, may, in several counties, adversely affect the budgets which are already in operation and have been since July first of this year. Until 1959, the legislature had not specifically provided for an appeal to the courts of the tax commission's valuation. Theretofore, the only statutory remedy was for the corporation to pay its taxes under protest to each county and file separate suits in respect thereto. However, by § 2, Ch. 354, Session Laws of 1959 (§ 72–6–8.2, N. M.S.A., 1959 Pocket Supp.), the legislature apparently attempted to remedy this oversight. Insofar as pertinent, the above-mentioned section provides:

"* * * If dissatisfied with the order of the commission, protestant may appeal the same to any district court of the state of New Mexico by filing such appeal with the court within fifteen [15] days after the entry of the order of the commission, otherwise the order of the commission shall become final and conclusive. Upon the appeal from any order of the commission to the district court, as herein provided, the appellant may be required by the district court to post a surety bond in such amount as may be determined. Appellant shall, at his own expense, have a transcript made of the proceedings of the hearing had before the state tax commission, and shall file the transcript

in the district court and furnish the commission at least one [1] copy of said transcript; the appeal from the action of the commission to the district court shall be on the record as made before the state tax commission and not de novo. Upon the appeal from any order of the commission to district court as herein provided, the rules of civil procedure and practice shall govern. Appeals may be taken from any decision of the district court to the Supreme Court in the same manner that such appeals are taken in civil actions."

Mountain States Telephone and Telegraph Company, answering for itself and respondents, claims that it clearly follows from a reading of the statute that a stay or supersedeas is contemplated, although it is admitted that the specific words to this effect are not present. It is, however, urged that the provision allowing the court to require a surety bond bolsters the claim that stay or supersedeas was intended under the statute.

The argument is that actually no order was really necessary, and that the order which was obtained was done so because of a desire to be cautious as to procedural matters.

The exact meaning of the statute is not as plain and unambiguous as respondents would have us determine. If a stay or supersedeas had been contemplated, words to such effect could have easily been utilized.

It is difficult to believe that the legislature intended that the entire taxing process, at least as to any corporation appealing the commission's order, should be brought to a halt. The ad valorem tax structure is such that unless the various steps are taken by certain fixed dates, the entire taxing process is in danger. Even this instant proceeding will, in part, interfere with the statutory time schedule of the various taxing officials, and a stay, such as claimed by Mountain States, would very possibly prevent the placing of any valuation on Mountain States' property for a period of months and perhaps years. In any event, we do not believe that the statute evidences a clear mandate, such as would authorize the court to interfere with the certification by petitioner, by stay or by injunction.

If the statute does not authorize the stay, we then reach the ultimate question of the inherent power of the court to enjoin a claimed illegal assessment.

Mountain States' claim, upon which they seek equitable relief, is based, generally, upon an alleged inequality of valuation of its property as compared with that of other like corporations, and upon the additional basis that unless the injunction is granted, it will become necessary for the company to file suits in each of the thirty-two counties of the state, once the assessment is placed upon the various tax rolls.

■ In this proceeding, we do not reach the question as to whether the valuation was constitutionally unequal, it being only claimed to be so, and there has been no proof as yet offered to the trial court establishing this as a fact. Thus, then, the overvaluation being merely an allegation, it must be determined if this allegation, coupled with the claim of the necessity of filing thirty-two separate lawsuits, is sufficient to justify equitable intervention.

■ It is true that injunctions have frequently been granted to prevent a multiplicity of suits. See, Pomeroy's Equity Jurisprudence, vol. 1, 5th ed., § 261k; and annotation, 76 L.Ed. at 456. Compare, Lougee v. New Mexico Bureau of Revenue Commissioner, 1938, 42 N.M. 115, 76 P.2d 6. This is on the basis that it is unfair to the taxpayer to require him to engage in many lawsuits where one would serve to determine the question. It must, however, be borne in mind that injunction is not a matter of right, but may be granted only in the sound discretion of the court when the remedy at law is not adequate. Citation of authority is not necessary. As we view the case, the court did not consider that the public interest was a factor to be weighed in conjunction with other matters before granting the equitable remedy of injunction. We do not say that the public interest is necessarily paramount, but, certainly, when the very financial foundations of the counties and other governmental subdivisions are

at stake, equity should weigh the effect of its order and refuse relief, particularly if the remedy sought can otherwise be granted without adverse effect on the public interest. See 4 Cooley, Taxation, 4th Ed., § 1640. Such is the situation in this case.

There is, under the statute (§ 72–6–8.2, N.M.S.A., 1959 Pocket Supp.), a complete remedy at law granted to any corporate taxpayer from the order of the commission determining the corporate value. By the enactment of this section, the legislature must have contemplated granting to the taxpayer a different type of relief than that which already existed, i. e., the filing of separate suits in each county affected; for unless this construction is placed upon the statute, it becomes practically ineffective, and we decline to so construe it. See, State Highway Board v. Gates, 1938, 110 Vt. 67, 1 A.2d 825; and Bird v. United States, 1902, 187 U.S. 118, 23 S.Ct. 42, 47 L.Ed. 100, wherein (at page 124 of 187 U.S., at page 44 of 23 S.Ct.) the court said:

"* * * There is a presumption against a construction which would render a statute ineffective or inefficient, or which would cause grave public injury or even inconvenience."

It is recognized that the statute is sadly deficient in many respects, not only by its failure to provide for any guarantee for the payment of taxes, either under protest or otherwise, its lack of provision for the

possible joinder of county treasurers or other officials as parties, and the complete absence of provision as to what occurs in the event the court determines error in the original appraisal requiring recertification by the tax commission. There are perhaps other omissions or deficiencies, but, nevertheless, at least as to the omissions heretofore noted, we do not believe they amount to insurmountable barriers to the granting of relief to a taxpayer.

Attention is called to rule 21 (§ 21–1–1 (21), N.M.S.A., 1953 Comp.), which provides, in part, as follows:

> " * * * Parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just. * * *"

This rule is made applicable by statute to the instant cause. The district court can, on request of either party or by its own order, direct that each county treasurer, in the counties in which Mountain States owns property, shall be made a party defendant. Compare, United States v. Louisiana, 1957, 354 U.S. 515, 77 S.Ct. 1373, 1 L.Ed.2d 1525. The court may further provide that the telephone company pay unto the county treasurers, after they have been joined as defendants, the amount of their taxes, and that the same be received under protest and held pending the final disposition of the case. In the interests of justice, the court may make such further orders, with respect to both the petitioner here, the telephone company, and the newly added parties, as will fully dispose of the merits of the litigation, and yet, at the same time, allow the tax commission to certify its present appraisal to the various county assessors, so that the tax rolls of the various counties can be finally prepared and placed in the hands of the treasurer for tax collection. Such a solution is in entire compliance with the statute and the rules of civil procedure, and, if done, will not only expedite the final disposition of the claimed inequality, but will preserve the interests of the public and the taxpayer, thus making unnecessary the granting of any injunction, with its attendant interference with the taxing processes provided by law.

The order was admittedly obtained ex parte. It is not even contended that any testimony was taken prior to its issuance, and it is also apparent from the record that the same was obtained without notice to petitioner, although it is admitted that counsel for the petitioner knew that the stay or injunction was to be requested. It should also be mentioned that petitioner has at no time applied for relief, either to the district judge who signed the order, or to either of the district judges who are named respondents herein, nor have the latter two judges ever had an opportunity to determine the propriety or the validity of the questioned order.

The order not being a stay, but being, in effect, an injunction, its entry was an abuse of discretion, under the provisions of rule 65 and 66 (§ 21–1–1 (65 and 66), N.M.S.A., 1953 Comp.), which requires notice and contemplates a hearing. By reason of the failure to comply with the rule, and because of the public interest involved, this court is warranted in exercising its superintending control. Therefore, although the alternative writ of prohibition was improvidently issued, we will exercise the constitutional power, to direct that the portion of the order hereinabove quoted be set aside and vacated. Further, in conformity with such power, the respondent, or one of its judges, in addition to vacating the portion of the order mentioned, shall, at the earliest possible time, direct that the various county treasurers of the State of New Mexico be made parties defendant in this cause, on such terms as may be required, with the end in view that Mountain States Telephone and Telegraph Company may pay whatever taxes are due in any of the various counties to the treasurer and tax collector; that such company be allowed to pay the same under protest; and that the treasurer, in turn, be instructed to note such payment under protest and retain the total amount, or so much thereof as may be agreed upon by the parties, pending a final determination of the cause, either upon the judgment of the district court, or of this court, or, should the occasion arise, upon reappraisal and recertification by the petitioner, tax commission; and the respondent is further ordered to take any or other such action as may be deemed necessary and just, with the end in view of finally and completely determining all of the issues involved, to the extent of bringing in such other parties as may be deemed necessary to aid in the final disposition of the cause.

It is so ordered.

COMPTON, C. J., and CHAVEZ and NOBLE, JJ., concur.

MOISE, J., not participating.